MARGARET D. RUSSUM, Respondent, *v.* ST. LOUIS MUTUAL LIFE INSURANCE COMPANY, Appellant.

### February 28, 1876.

1. A policy of life insurance, dated December 2, 1868, declared the life of A to be insured in the sum of $10,000, in favor of plaintiff, in consideration of a sum then paid, and a like sum to be paid annually thereafter for nine years. This policy was subject to two conditions: 1. That if default were made in the payment of any annual premium thereafter accruing, such default should not avoid the policy, but the sum insured should be proportionally reduced. 2. That if assured should fail to pay annually, in advance, the interest on any unpaid notes or loans, owing on account of the premiums, then the policy should be void. Part of two premiums was paid in cash, and a note given for the remainder. No payment was made of the premium accruing in 1870, and no interest on the note given; but a dividend was declared more than sufficient to pay the interest. In 1871 no payment was made, and no dividend declared, and in July, 1872, A died. *Held*, 1. The payment of the first premium in full, or of the two first premiums in full, would have given to the insured a full-paid policy corresponding in value to the amount paid; and the payment of part of these premiums in cash, and the payment, in accordance with the terms of the policy, of the interest on the notes taken for the unpaid portion, would have the same effect. But the failure to pay the interest avoided the policy altogether. 2. When, on December 2, 1870, assured failed to pay interest on his note, it was the duty of the defendant to apply to that interest any money in its hands standing to his credit. The balance of any such money was applicable to the reduction of the principal of the note. When interest became again due on the balance of the note, and

remained unpaid, the policy was forfeited.   3. The two provisions of the policy are not inconsistent or contradictory.  They may stand together, and it is the duty of a court to give effect to both of them.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Cline, Jamison & Day*, for appellant, cited : Patch *v.* Phœnix Life Ins. Co., 44 Vt. 481 ; Pitt *v.* Berkshire Life Ins. Co., 100 Mass. 500 ; Bliss on Ins. (2d ed.) 284–298, secs. 182–188 ; Baker *v.* Union Mutual Life Ins. Co., 43 N. Y. 283 ; Abb. Pr. 142.

*Martin & Lackland*, for respondent, cited : Metcalf on Con. 221 ; Gee *v.* Cheshire County M—— Ins. Co., 14 Am. Law Rep. 706 ; Manhattan Life Ins. Co. *v.* Warrick, Ins. L. J., Oct. 1871 ; *s. c.*, Gratt (Va.), 614 ; St. Louis Mutual Life Ins. Co. *v.* Grigsby, 18 Bush (Ky.), 310 ; Dutcher *v.* Brooklyn Life Ins. Co., 4 Big. 665 ; Ohde *v.* North Western Life Ins. Co., Ins. L. J., Sept. 1873, p. 702 ; Story Eq. Jur. 1314, 1316 ; Froelich *v.* Atlas Life Ins. Co., 47 Mo. 406 ; Robert *v.* Ins. Co., 2 Disney (Ohio), 100 ; McMaster *v.* Ins. Co., 3 Ins. L. J. 273, N. Y. Ct. App.

*Farish & Griffin & Scott*, for respondent, cited : May on Ins. 182 ; Waterfall *v.* Hudson, 2 Duer (N. Y.), 495 ; Pelly *v.* Royal Express Assn., 1 Burr. 341 ; Bayless *v.* Ringer, 7 Carr, 691 ; Hake *v.* Eddy, 15 Wend. 80 ; 2 Pars. on Con. 147 ; Paffy *v.* Greenwold, 2 Per. & Dav. 365 ; Hollins *v.* Palmer, 2 Bing. N. C. 466 ; Watkins *v.* Morgan, 6 Carr, 661 ; Grigsby *v.* St. Louis Mutual Life Ins. Co., C. L. J., Feb. 19, 1875, p. 123 ; McAlister *v.* New England Mutual Ins. Co., 101 Mass. 560 ; Mutual Benefit Life Ins. Co. *v.* French, 2 Bin. S. C. 321 ; Pars. on Con. 141, *et seq.*, and authorities cited, 143 ; 3 Abb. Dig. 99.

GANTT, P. J., delivered the opinion of the court.

This was an action on a policy of insurance dated December 2, 1868.   By it the defendant, in consideration of $1,066.80 then paid, and of the annual premium of $1,066.80

to be paid on December 2d for nine succeeding years,. insured, in favor of the plaintiff, the life of William D. Rus-- sum in the sum of $10,000. This policy was subject to two provisos. First, that if default was made in the payment. of any annual premium thereafter becoming payable, such default should not work a forfeiture of the policy, but the sum assured should be proportionally reduced. Thus, if only the first annual premium should be paid, then, in case of death, only one-tenth of the sum insured should be claim- able. If two premiums only were paid, then two-tenths of the sum insured should be claimable, and so on.

The second proviso was a qualification of the first. It. provided that, " if the insured shall fail to pay annually in advance the interest on any unpaid notes or loans which may be owing on account of the above-mentioned annual premiums, at the office of the company in St. Louis, or to agents when they produce receipts signed by the president. or secretary, then and in every such case the said company shall not be liable for the payment of the sum insured, or any part thereof, and this policy shall cease and determine." '

When the policy was taken out (it was effected by William. D. Russum for the benefit of his wife) he paid the sum of $711.80, being two-thirds of $1,066.80, in cash, and also the interest, in advance, for one year on the remaining third, being $355, making a cash payment on that day of $733.10.. He gave his note at one year for this balance of $355. On December 2, 1869, he paid the further sum of $711.80 in cash; received on the policy a dividend of $129.89; gave a, note for the remaining third of the second payment and for the unpaid balance of the old note, making the new note $580.11; and also paid in advance the interest on this note: for one year. On December 2, 1870, he failed to make any payment, but a dividend was declared on his policy for that year of $129.89. In 1871 no dividend was earned, and in July, 1872, Mr. Russum died.

' 1. If he had paid the interest on his note on December

2, 1871, he would, we think, have been entitled to recover two-tenths of the sum insured, deducting the unpaid note. Having failed to make that payment, the policy is forfeited and the company discharged.

When, on December 2, 1870, he failed to pay the interest on his note for $580.11 then maturing, there was to his credit in the hands of the company $129.89. This sum the company was bound to apply, first, in such manner as to save the forfeiture—that is, to the payment in advance of the interest on this note. The balance was applicable to the reduction of the principal of the note. This left more than $480 of the principal of the note unpaid. When, on December 2, 1871, he failed to pay, in advance, the interest on this unpaid note, he incurred the forfeiture provided in the policy.

We think it impossible to escape this conclusion. It seems a harsh one, but we are of opinion that it is precisely what the parties contracted for, and we have no choice. It avails nothing to remark that the plaintiff would have been benefited by the failure of Mr. Russum to pay any part of the second premium. He actually paid more than the first premium, and if he had paid that first premium only, leaving no note in respect of the non-payment of interest on which a forfeiture might be exacted, the plaintiff would have had the right to recover one-tenth of the whole sum insured. But, again, if he had paid the several premiums as they became due, he would, by paying very little more than $4,000, have entitled the insured to receive $10,000; his family would then have gained $6,000. As matters stand, they lose $1,479.61 with interest. This loss is plainly chargeable on his negligence, and we are powerless to relieve his family from the consequences.

We have been referred to numerous cases by the counsel on both sides of this interesting case. If we do not refer to them here, it is not because we have not read them care-

fully. Except in a case where particular words or phrases have received, at the hands of the Supreme Court of Missouri, a construction which disposes of a case coming before us, we are compelled, by the best judgment we can exercise, to ascertain the true intent and meaning of every contract we are called upon to expound, by applying to it the accepted rules of interpretation. This we have done in the case before us, but we do not think it necessary to collate the various cases which illustrate these rules.

It is urged that the two provisions of this policy are inconsistent and contradictory, and it is claimed that, if they are, that which leads to a forfeiture must be rejected.

We would accept the conclusion if we considered the premises established, but we do not so consider. The clauses are not inconsistent; they can both stand together, and we may give full effect to both. All that is needed for this is for the insured to bring himself within the terms of both. The first is intended to save a forfeiture which generally would be incurred by the failure to pay the annual premium. To this extent it is a privilege or advantage to the assured. The second proviso insists upon rigorous conditions—in respect of what? Only of so much of any unpaid premuim as the assured, instead of paying in cash, takes the indulgence of only paying interest on, at 6 per cent. If he does not wish to incur the hazard of a forfeiture on account of this part of the premium, his remedy is easy; he can presently pay his note for the premium, and, without more, he has a paid-up, non-forfeitable policy for a fixed portion of the sum contemplated by the instrument when originally issued. If he wishes, instead of this, to take the chances of gain, he must at the same time incur the hazard of loss, and cannot complain if he be held to the terms of the contract he has deliberately made.

From the resolution announced above to state our own opinion in the decision of causes, but not to incumber the

record with a criticism of the various authorities cited by counsel on either side, we make on this occasion a departure, in order to exclude the conclusion that we have been unmindful of the opinion of the Supreme Court of Kentucky upon the very point presented by the record. In the case of the *St. Louis Life Insurance Company* v. *Grisby*, 10 Bush (Ky.), 310, that very able and learned court made a decision which is directly opposed to this. The respect which we entertain for the decisions of that court has led us to examine the opinion of Judge Lindsay, who spoke for that tribunal on the occasion referred to, with great care. We are unable to concur with it. We consider that it virtually makes a thing, which the parties to the contract declare to be of vital importance, of no significance whatever. The regular and prompt payment of interest on the unpaid premiums of a policy is, of course, essential to the system of allowing them to remain unpaid at all. If the prompt and punctual payment of such interest in advance be not secured in a perfectly reliable way, the alternative will be that no credit can be given. The condition of giving credit for an unpaid premium is a feature of the mutual system of insurance, and it is certainly one of the features which promotes the popularity of the system; but if those to whom credit is given are at liberty to abuse it, the system itself must come to an end. The punctual performance of the contract on which credit is given is vital to the business of the appellant, and every policy-holder is interested in the enforcement of such performance. We have not shut our eyes to the seeming harshness of the application of these rules in the present case, but we see in that hardship no reason for relieving a party from the consequences of a reasonable and unambiguous contract, the benefits of which he has lost by sheer negligence. It is not our purpose to criticise the opinion of the Supreme Court of Kentucky further than to declare that we cannot accept it as a correct interpretation of the instrument which is the foundation of this action. We

regret this inability, but are compelled to expound that instrument according to what we consider the very clearly expressed intention of the parties to it. All the judges concur in reversing this judgment and remanding the cause.