ANNA MOSER, Appellant, *v.* PHŒNIX MUTUAL LIFE INSUR-
ANCE COMPANY, of Hartford, Connecticut, Respondent.

### June 10, 1876.

1. Affirming *Russum* v. *St. Louis Mutual Life Insurance Company, supra.*
2. Courts of justice cannot relieve parties from the consequences of their own neglect to perform the contract which they seek to enforce against others.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Gottschalk,* for appellant, cited : St. Louis Mutual Life Ins. Co. *v.* Grigsby, 4 Big. 633 ; Dutcher *v.* Brooklyn Life Ins. Co., 4 Big. 665 ; Ohde, Admr., *v.* Northwestern Life Ins. Co., 2 C. L. J. 567 ; 8 C. L. J. Feb. 19th, 123 ; C. L. J. Oct. 15, 1875, vol. 2, 666 ; Ins. L. J. Feb. 1876, 149.

*Frank Eno,* for respondent, cited : Marsh *v.* Richards, 29 Mo. 99 ; Worthington *v.* Charter Oak Life Ins. Co., 41 Conn. 373 ; Pitt *v.* Berkshire Life Ins. Co., 100 Mass. 500 ; Patch *v.* Phœnix Life Ins. Co., *supra;* Robert *v.* North-eastern Mutual Life Ins. Co., 2 Disney, 106.

GANTT, P. J., delivered the opinion of the court.

The petition in this case was filed to the December term, 1874, of the St. Louis Circuit Court, and stated that the defendant was a corporation, etc., and that by its policy No. 65,126, dated July 13, 1872, it assured the life of Joseph G. Moser, for the benefit of his wife, the plaintiff, in the sum of $800, payable ninety days after notice of loss ; that Moser died in September, 1874 ; that defendant had due notice thereof, but refused to pay, etc.

The defendant admitted the execution of policy 65,126, but denied its liability thereunder, alleging that by its terms the promise to pay was conditioned upon " the annual pay-ment of interest on four notes on or before July 13th in every year during the continuance of the policy ;" that said four notes had been given by Moser for part of the premium

on a former policy held by Moser in defendant's office, in lieu of which said former policy the " paid-up " policy sued on had been issued; that the terms of the former policy applied to the present; that the former was an endowment policy, and provided for the issue of a paid-up policy, part of the consideration of which was to be the premium paid on such former policy; that one of the stipulations of the former policy was that, on the issue of a paid-up policy, the assured should not be subject to any subsequent charge except the interest annually in advance on all premium notes unpaid on said former policy; that said four notes were for part of the premium unpaid on said former policy; that defendant, instead of requiring that they should be immediately paid, issued the last policy for the consideration therein expressed of $450.80, which was not actually paid in cash, but was the amount which had been paid in cash and notes on the former policy; and the further consideration of the annual payment in advance of the interest on said four notes, which was, by a memorandum on the margin, declared to be $15.36, and that it was part of the conditions of the last policy that, in case the interest should not be paid annually in advance on said four notes, the policy should be null and void, and all former payments should be forfeited to the defendant; that J. G. Moser did not, nor did any one for him, fulfill these conditions; that the interest due July 13, 1873, was not paid, nor was that due in July, 1874. There was also an answer by way of recoupment, which need not be dwelt on.

The reply denied all knowledge of the notes alleged in the answer; denied that the policy sued on was subject to the stipulations contained in the first policy, and denied the legal effect of the latter policy as claimed by defendant. She also denied the set-off or recoupment.

At the trial in April, 1875, plaintiff became nonsuit, moved to set the nonsuit aside, and appealed to the general term and to this court. By the bill of exceptions it

appeared that the plaintiff put in evidence the policy sued on, No. 65,126, whereby the defendant, in consideration of the representations made, and the sum of $450.80 paid by Anna Moser, and of the annual payment of interest on four notes on or before July 13th in each year during the continuance of the policy, did assure the life of J. G. Moser, for the benefit of Anna Moser, in the sum of $800, for the term of his natural life. The policy was declared to be subject to several conditions, among which was that, in case any note given for the cash part of premium on this policy should not be paid at maturity, or in case the interest is not paid annually in advance on any notes which may be given for any portion of the premiums on this policy, then, and in every such case, the policy shall be null and void; (2) if the said interest shall not be paid at the office of the company, in the city of Hartford, Connecticut, or to an agent of the company, on his producing a receipt signed by the president or secretary, on or before the date above mentioned, then the company shall not be liable in any such case for the payment of the sum insured, etc.; and, in every case where this policy shall determine or become null and void, all payment made thereon shall be forfeited to the company. This policy was dated July 13, 1872. The plaintiff also put in evidence policy 28,837, dated July 25, 1868, by which defendant assured the life of J. G. Moser, in favor of the plaintiff, for the term of life, in the sum of $2,000, in consideration of the representations contained, viz.: The sum of $128.80 paid, and a like sum to be paid on or before July 25th in each year during the continuance of the policy, or until ten annual payments should be made. It was further provided that, when two or more annual premiums should be paid, the assured might exchange the policy for as many tenths of $2,000 as there had been annual premiums paid, without subjecting the assured to any further charge except the interest annually in advance on all premium notes unpaid on this policy.

It appeared by the evidence of the president of defendant that the policy sued on was issued in place of policy No. 28,837, after four payments had been made by cash or notes. Four notes were given to the company, dated respectively July 25, 1868, July 25, 1869, July 25, 1870, and July 25, 1871. Shortly before the next premium fell due the assured commuted the policy for a paid-up policy of $800, on which but one payment had been made, which was made on the date of its issue, and amounted to $15.36. On the notes above mentioned there was due to the company on February 24, 1875, the sum of $256 principal money and $30.72 interest, less a dividend of $11. The interest due on the four notes in 1873 and 1874 had not been paid.

The notes given were of the following form :

"$64.                    *Hartford, July 25, 1869.*

" Twelve months after date, for value received, I promise to pay the Phœnix Mutual Life Insurance Company, or order, sixty-four dollars, with interest payable annually in advance, at 6 per cent., it being for part premium due and payable on policy 28,837 of said company, on the life of J. G. Moser, dated July 25, 1868, which policy, and all payments or profits which may become due thereon, are hereby pledged and hypothecated to said company for the payment of said note.                    " JOSEPH G. MOSER."

Upon this evidence the court instructed the jury :

1. "That upon the whole case the plaintiff could not recover."

2. " That the payment of interest on the four notes annually in advance was a condition precedent to the fulfillment by defendant of the contract in suit, and, unless it appeared that said interest has been paid, the policy was void."

Whereupon the plaintiff, excepting to the giving of the instructions, became nonsuit, saved her exceptions, and appealed.

1. We are unable to distinguish this case from that of

*Russum* v. *St. Louis Life Insurance Company*, decided at
the January term of this Court. We then, in substance,
said, and we now repeat, that we cannot relieve parties from
the consequences of their own neglect, however we may
sympathize with them in the attendant loss. Nothing is
plainer than that when, *e. g.*, two annual premiums had
been paid on the original policy, the company would have
received two times $128.80, and the assured would then
have been at liberty to change the policy for a paid-up
policy for $400, or as many tenths of $2,000 as he had paid
annual premiums. He actually made the change when, by
notes and cash, he had paid four annual premiums, and
received a "paid-up" policy for four-tenths of the original
amount of insurance contemplated, *i. e.*, $800. But, though
this was called a "paid-up" policy, it was only "paid up"
*sub modo.* For one-half of the annual premium, notes of
practically indefinite credit were given, subject only to the
annual payment in advance of interest at the rate of 6
per cent. That this was an accommodation to the assured
cannot be doubted. If he had chosen to pay the past
annual premiums in cash, as he was of course at liberty to
do, he would have had a policy exempt from all chances
except that of the insolvency of the company. When he
availed himself of the credit offered by the company, he of
course did so on the terms coupled with the offer, and
expressly accepted by him. If he had, on July 25, 1872,
paid four times $128.80, or $515.20, in cash, receiving in
return a really paid-up policy for $800, payable on his death,
every one can see that the company would be a loser, unless
a sufficient time elasped after the issue of the policy and
before his death to allow the net accumulations of profits
from the investment of the money received to become at
least equal to $284.80. If any part of the whole sum of
$515.20, instead of being paid in cash, were left in the hands
of the assured at 6 per cent. interest, and the assured were

at liberty to choose his own time and consult his own convenience for the payment of that interest, it is obvious that the company is at his mercy. It is vital to it to guard against such conduct; it proposes a contract, the terms of which are favorable to the assured, and eminently reasonable; it secures the performance of this very reasonable contract by the exaction of conditions the very rigor of which is calculated to arrest the attention and secure their punctual performance; and, when such a contract has been made by the parties, either of them must appeal in vain to a Court of law for relief from its consequences. As we had occasion to remark in the case of *Russum v. St. Louis Life Insurance Company*, to declare the provisions inserted into the contract for the protection of the insurance company to be merely clauses intended to act *in terrorem*, to quicken the diligence of the assured, but not to be construed to forfeit his interest in the policy, would be the creation of a contract which the parties had not made, and the discharge without consideration of a contract into which they had solemnly entered. Courts sit for no such purpose.

All the judges concurring, the judgment of the Circuit Court is affirmed.