WILLIAM A. RUMBOLD, Respondent, v. PENN MUTUAL LIFE INSURANCE COMPANY, Appellant.

### April 15, 1879.

The measure of damages for the breach of an agreement to deliver a paid-up policy of insurance, where there is an existing risk and the premiums paid were earned, is the value of the paid-up policy at the time of the demand and refusal, and interest.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

W. H. CLOPTON, for appellant, cited : *Smith* v *Insurance Co.*, 64 Mo. 330 ; *Insurance Co.* v. *Stratham*, 93 U. S. 24 ; *Howland* v. *Insurance Co.*, 121 Mass. 499 ; *Insurance Co.* v. *Twining*, 12 Kan. 475.

J. E. HAVENS, for respondent, cited : *Laubach* v. *Laubach*, 73 Pa. St. 387 ; *Insurance Co.* v. *Schultz*, 82 Pa. St. 46 ; *Tyler* v. *Bailey*, 71 Ill. 38 ; *McKee* v. *Insurance Co.*, 28 Mo. 383.

J. B. WOODWARD, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action upon a policy of life insurance. The plaintiff offered evidence tending to show that he had paid three annual premiums under the policy, and then, being unable to pay any more, that he had, as prescribed by the policy, offered to surrender it, and had demanded a paid-up policy for the amount provided for in such contingency. The defendant admitted the issue of the policy sued on, and

that it was agreed that if default should be made in the payment of any premium after two annual premiums had been paid, it would, upon surrender of the policy sued on and the unredeemed dividends, within three months after such unpaid premium should be due, issue a new policy for as many tenth parts of the original sum insured as there had been complete annual premiums paid at the time of such default.    There was evidence upon the defendant's part, as the record states, tending to prove that the plaintiff did not offer to surrender to the defendant the policy and any unredeemed dividends thereon.    The jury found the issues for the plaintiff.

There is no evidence in the case touching any unredeemed dividends, and therefore it was not error for the court below to refuse the instruction asked by the defendant, that the plaintiff was not entitled to recover unless the jury believed from the evidence that the plaintiff offered to surrender the policy sued on, together with the unredeemed dividends, to the defendant, etc.    So far as it was correct, this instruction was covered by one given.

The court below instructed that if the plaintiff paid the three annual premiums and demanded the paid-up policy, as prescribed, and the defendant refused to issue it, the jury should find for the plaintiff the full amount of all premiums paid, with interest thereon at six per cent per annum from the several dates of payment.    It is clear that such is not the proper measure of damages in a case like the present; nor is the case of *McKee* v. *Insurance Company*, 28 Mo. 383, even if that case could, in view of later decisions, be considered as laying down a correct rule, on any other ground than that of rescission, a case in point.    Here, it was the plaintiff who, after having enjoyed the benefit of the contract, and after the defendant had been contingently liable for the full amount, chose to put an end to the original life-policy.    The insurer bore the risk, and was continuing to bear it.    It is true that the plaintiff had his option

of a paid-up policy, and that the defendant refused to deliver this; but these facts do not place the insurer in the attitude of refusing to receive premiums, nor do away with the facts that there was an existing risk and that premium was earned. It is clear that the measure of damages was here the value of the new policy at the time of the demand and refusal, with interest. The defendant was bound to give a policy for as many tenth parts of the original sum insured as there had been complete annual premiums paid at the time of the default. Of such a policy the value is plainly calculable; and in such amount was the plaintiff damaged by the refusal to deliver.

The rule was settled in this State in the case of *Smith* v. *Insurance Company*, 64 Mo. 330, where it was held that the measure of damages was the value of the policy at the time the insurer broke it by refusing to receive further premiums, together with interest, and that such value might be determined through testimony given by actuaries. See *Insurance Co.* v. *Stratham*, 93 U. S. 24; *Smith* v. *Insurance Co.*, 1 Cent. L. J. 76; *Insurance Co.* v. *Schultz*, 82 Pa. St. 46; *Insurance Co.* v. *Twining*, 12 Kan. 475.

Even if, under the circumstances which have been stated, the plaintiff could recover on the ground of rescission of the entire contract, he has not put himself in a position for such recovery. It was at some time within three months after the premium fell due, in 1872, that the demand for a new policy and refusal took place, while the present suit was not brought until September, 1875. No notice was ever given, or claim made, that the contract was rescinded. The plaintiff has proceeded upon the ground that he was entitled to a paid-up policy, and sues for a breach of the agreement to deliver such a policy.

As the law as to the measure of damages was erroneously laid down, and as the verdict in this respect is unsupported by evidence, the judgment must be reversed and the cause remanded. All the judges concur.