## D. G. TUTT, Respondent, v. COVENANT MUTUAL LIFE INSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, December 8, 1885.

1. LIFE INSURANCE—FORFEITURE.—Under a policy of life insurance which is non-forfeitable, after three premiums have been paid, which premiums are payable half in cash and half in notes, a clause which provides that the failure to pay the interest on any unpaid note or loan on account of the premiums shall work a forfeiture of the policy, does not apply to a note given for the cash part of a premium after three annual premiums have been fully paid.

2. ——— LIENS.—The insurer under such a policy has neither a right of forfeiture nor a lien on the policy for a failure to pay a note given for any cash premium and accepted and receipted for, as cash.

3. ——— CANCELLATION OF POLICY—MEASURE OF DAMAGES—APPELLATE PRACTICE.—If the measure of damages found by the court, in an action by the insured for a cancellation of a policy without his default, can be supported on any legal theory not in conflict

with declarations of law given, the judgment will not be reversed on the ground that the recovery was excessive.

APPEAL from the St. Louis Circuit Court, Amos M. Thayer, Judge.

*Affirmed.*

O'Neil Ryan, for the appellant: The cause of forfeiture was a continuing cause of forfeiture, and defendant had the right under the terms of the policy, to forfeit it at the time it did so. *Continental Life Ins. Co. v. Robinion,* (Ohio), Western Ins. Review, March, 1884, 259; *Marston v. Mass. Life Ins. Co., Id.* 260. Defendant under the terms of its contract had the right to forfeit the policy for non-payment of the interest on the note. *Brooklyn Ins. Co. v. Dutcher,* 95 U. S. 269 (Bk. 24, Law Ed. 410); *N. Y. Ins. Co. v. Eggleston,* 96 U. S. 572 (*Id.* 841); *Russum v. St. L. Mut. Life Ins. Co.,* 1 Mo. App. 228; *Moser v. Phœnix M. L. Ins. Co.,* 2 Mo. App. 408. The surrender value of the policy is the true measure of damages. *Rumbold v. Ins. Co.,* 7 Mo. App. 71; *Lovell v. St. L. Ins. Co.,* 111 U. S. 274 (Bk. 28, Law Ed. 423).

W. C. Marshall, for the respondent: The defendant having wrongfully refused to receive the premiums tendered, the plaintiff was entitled to recover as if he had paid. *McKee v. Ins, Co.* 28 Mo. 383.

Rombauer, J., delivered the opinion of the court.

This is an action to recover damages for breach of a contract of life insurance. Two questions arise upon the record : first, whether the plaintiff is entitled to recover ; and, next, whether the damages awarded to him are excessive.

One Pastorius was insured on his life, for the sole use and benefit of the plaintiff, by the defendant company, May 6, 1870. The annual premium required by the policy was $62.65, of which $42.65 was to be paid

annually in cash and twenty dollars by note. The policy became by its terms non-forfeitable, after the payment of three annual premiums, and contained this clause :

"2. If the said insured * * * shall fail to pay annually the interest on any unpaid notes or loans which may be owing by said insured to said company, on account of any of the above mentioned annual premiums * * * then and in any such case the company shall not be liable for the sum assured or any part thereof, and this policy shall cease and determine."

Pastorius paid three of the annual premiums, which made the policy non-forfeitable except for causes stated in clause two. When the fourth annual premium fell due, May 6, 1873, instead of paying the cash amount due, he executed his note at thirty days, bearing ten per cent. interest, for $46.70 to the defendant company, in payment of the $42.65 cash premium, and $4.05 then due, as interest on his outstanding premium note, and the company gave him a receipt for that amount as if paid in cash. After the year 1873 the plaintiff himself paid the cash part of the premium, and notes were given for the note part of the premium, the aggregate amounts paid in cash by Pastorius and the plaintiff amounting to $491.61, exclusive of the note for $46.70, at the date of the cancellation of the policy.

There was evidence tending to show that the plaintiff was advised from time to time of the outstanding of the Pastorius note for $46.70, but no demand was made of him for its payment until May, 1881. At that date the company demanded of the plaintiff payment of this note and accrued interest as a condition precedent to the renewal of the policy for another year, and upon the plaintiff's refusal to pay it, it notified him that it cancelled the policy "for non-payment of premium due May 6, 1881, and default in payment of interest on note given for premium due May 6, 1873, in accordance with conditions of policy."

The plaintiff was prepared and did offer in due

time to pay·the cash premium due May 6,. 1881, and tendered that amount and note for the aggregate note part of premium prior to this notice of forfeiture.

Upon these facts appearing the defendant demurred to the evidence, and also asked the court to instruct, that if the facts were found as hereinabove stated, the plaintiff was not entitled to recover. The court refused these instructions, and found in favor of the plaintiff for $184.40. Both parties moved for a new trial, but the defendant alone appeals.

We think the court was right in refusing to instruct as requested by the defendant. The right given to the company by the terms of clause two, to forfeit the policy for a· failure to pay annually the interest on any unpaid notes or loans owing by the assured to the company on account of annual premiums, refers to the note part of the premium and not to outside loans which the company might see fit to make to the assured. When the company in 1873, took the note of Pastorius for the cash premium, its right to forfeit the policy for non-payment of any cash premium was gone, and it could not revive it by turning the cash premium into a note. Certainly not without the consent of the assured. In fact, the entire transaction bears no other just or rational interpretation than the one that the company treated the cash premium and interest of $4.05, as paid by Pastorius at that date, and loaned the money to Pastorius for thirty days at ten per cent. interest, as it might have loaned the money to any other person. The mere fact that Pastorius was a policy holder of the company, gave the company no lien on the policy, under clause two, for the money thus loaned, and certainly did not give to it any new right of forfeiture.

It necessarily follows that the company had no right to exact from the plaintiff the payment of this note or any part thereof as a condition precedent to the renewal of the policy in 1881, and as the plaintiff seasonably tendered the premium due May 6, 1881, the notice of

forfeiture and subsequent cancellation of the policy were without rightful foundation.

There is nothing in the cases relied on by the appellant which militates against our position. *Russum v. Insurance Co.* (1 Mo. App. 228), and *Moser v. Insurance Co.* (2 Mo. App. 408), simply affirm the unquestioned proposition that where, by the contract of insurance, the company reserves the right of forfeiture for non-payment of interest on premium notes, and exercises this right, courts of justice can not relieve the assured from the forfeiture. In both cases the right of forfeiture was unquestionable upon the conceded facts. In *Baker v. Insurance Co.* (43 N. Y. 285), the note was given for the first cash premium simultaneously with the issue of the policy, and recited "which policy shall become immediately void and forfeited to said company if this note is not paid at maturity." To the same effect is *Pitt v. Insurance Co.* (100 Mass. 500). In both these cases the decision rests upon the fact, that the note and its terms were as much a part of the contract of insurance as if embodied in the policy itself.

On the question of damages the defendant asked the court to instruct that the plaintiff's measure of damages in this case, is the value of the policy on the sixth of May 1881, with six per cent. interest from that time, less the premium note for $180.90, and the note of May 6; 1873, for $46.70, with interest on the last note from its date to May 6, 1881, at ten per cent. per annum. This instruction was refused by the court.

In *McKee v. Phœnix Insurance Co.* (28 Mo. 386), the court said that where the defendant wrongfully determined the contract by refusing to receive a premium when it was due, the plaintiff had a right to treat the policy as at an end, and to recover all the money paid under it. This position is supported by *Fisher v. Ins. Co.* (69 N. Y. 163), and *Braswell v. Ins Co.* (75 N. C. 8), although apparently questioned in *Rumbold v. Ins. Co.* (7 Mo. App. 72), and *Smith v. Ins. Co.* (64 Mo. 333), where it was intimated that the measure of

the plaintiff's damages is the value of the policy at the date of cancellation, as determined by actuaries, and interest on such value from date of cancellation.

Whichever be the true rule, it must be evident that the defendant was not entitled to the instruction above recited. The answer contains neither a counter-claim nor a claim for any recoupment on account of the note of $46.70 and interest, and we have held that it had no lien on the policy for that amount.

Without deciding, therefore, whether the defendant could, in this proceeding, obtain a recoupment on account of that note, we are clear that it can not obtain it without seeking it in the forms prescribed by law.

What theory the court adopted in admeasuring the plaintiff's damages, is not quite clear from the record ; but as no legal error is apparent in its action on that subject, and as we can not as a matter of law determine from the evidence, that the damages awarded are excessive, we can not on that account vacate the judgment.

The judgment is affirmed. All the judges concur.