————o————

JOHN W. SMITH, *et al.*, Respondents, *vs.* THE CHARTER OAK LIFE
INSURANCE Co., Appellant.

1. *Life Insurance—Refusal to pay annual premium—Action against company for breach of contract–Intercourse of States, prohibition of, by proclamation of August 16th,* 1861—*Damages, measure of, how determined—Married women—Statute of limitation.*—Where the life of a citizen of Virginia was insured in a Connecticut company, and, after receiving the annual premium for a number of years, in May, 1861, the company refused to take a further payment thereof, it was held, that, upon the death of the assured, an action would lie on behalf of the beneficiary against the company, for dissolving its contract by such refusal ; that non-intercourse between the States could not be pleaded as justifying the non-payment, inasmuch as the prohibition of such intercourse did not date till August 16th, 1861, when President Lincoln issued his proclamation, pursuant to the Act of Congress of July 13th ; and that the measure of damages would be the value of the policy at the date of its dissolution—which value might be determined by the opinion of actuaries—with interest on the amount at six per cent.

In such case, where the agent of the company and the beneficiary resided within the limits covered by the proclamation when the cause of action accrued, the period of the war would not curtail the running of the statute.

But if the beneficiary were a married woman when it accrued, the statute would not run during her coverture.

*Appeal from St. Louis Circuit Court.*

*Samuel Knox,* for Appellant.

I. In May, 1861, when the annual premium became due, war existed between the United States and the State of Virginia ; the existence of war revoked the power of defendant's agent at Lynchburg, and it would have been unlawful for defendant to

transact business with plaintiff during the existence of the war. (19 Grat. 393 ; 5 Wall. 407 ; Tait vs. New York Life Insurance Co. and cases there cited.) That the contract of insurance was canceled by the war, see DeJarnette vs. DeGiverville, 56 Mo. 440 ; Washington University vs. French, 18 Wal. 106. As to the time of commencement of hostilities, April 29, 1861, see 12 Wall. 700 ; 44 Geo. 119.

II. The payment of the annual premium when due was a condition precedent. A failure so to pay caused a forfeiture of the policy. (25 Conn. 530 ; Moakley vs. Riggs, 2 Wall. 1 ; 12 N. Y. 99 ; Tomkins vs. Dudley, 19 Peck, 275 ; Adams vs. Nichols, 11 N. Y. 25 ; Oakey vs. Martin, 6 Cow. 624 ; Union Mut. Life Ins. Co. vs. McMillen, 24 Ohio, 67–81 ; 1 Cent. LawJour. 433.)

III. The return of the money on March 14th, 1862, without objection on the part of plaintiff, annulled the policy.. (9 Blatch. 239 ; 59 Barb. 556 ; Sands vs. N. Y. Life Ins. Co. Morey vs. N. Y. Life Ins. C., U. S. Circuit Court for Southern District of Miss., Cent. Law Journ. 139 ; 20 Gratt. 639 ; and by receiving the money defendant consented to the cancellation. Bliss' Life Ins. pp. 661, 682.)

IV. Even if the cause of action did not accrue until April, 1865, or the close of the war, more than six years elapsed before the institution of this suit, whereas, in fact, by the lapse of five years plaintiff's claim was barred.

V. When Jellis had the money for the premium paid in May, 1861, and before its return in March, 1862, to-wit: in the month of November, 1861, John Woodson Smith voluntarily entered into the military service of the Confederate States, and remained until the year 1863. This act itself rendered the policy void. (Dillard vs. Manhattan Life Ins. Co., 44 Geo. 119.)

VI. The court erred in prescribing the measure of damages. No cause of action existed until the war was over and a demand was made by plaintiff on the company. 'No interest could run until said demand.

*Sharman & Cameron*, for Respondents, cited : Centr. Law Journ. Vol. 1, No. 7, p. 76 ; Cappell vs. Hall, 7 Wall. 554 ;

The Venice, 2 Wall. 277 ; The Reform, 3 Wall. 617 ; The Sea Lion, 5 Wall. 646 ; The Ouachita Cotton, 6 Wall. 530 ; McKee vs. United States, 8 Wall. 166 ; U. S. vs. Anderson, 9 Wall. 56 ; U. S. vs. Grossmeyer, 9 Wall. 74 ; Dean vs. Nelson, 10 Wall. 160 ; Matthews vs. McGhee, Centr. Law Journ. No. 50 ; 11 Allen [Mass.], 224 ; Keton vs. Keton, 20 Mo. 543 ; Hanger vs. Abbott, 6 Wall. 532 ; 3 Pars. Con. 105 ; 3 Bing. 353 ; 3 Wend. 356 ; Hull vs. Caldwell, 6 J. J. Marsh. 208 ; 8 Pick. 90 ; 2 Speers, 594.

NAPTON, Judge, delivered the opinion of the court.

This action was commenced on the 7th of June, 1871, against the insurance company for damages occasioned by an alleged breach of a contract of life insurance made by the defendant in 1853, on the life of John Woodson Smith for the benefit of his wife, the present plaintiff.

The premiums were due annually on the 6th of May each year, and had been punctually paid until the 6th of May, 1861, when the premium due was tendered and conditionally received by the defendant's agent in Lynchburg, but subsequently returned on account of instructions from his principal at Hartford. This is claimed in the petition to have been a breach of the contract on the part of the defendant, and damages are therefore claimed for this breach.

The answer sets up this failure to pay on the 6th May, 1861, and every year thereafter, as a defense to the action, and alleges as a further cause of forfeiture, that Smith entered the military service of Virginia in 1861, and as an additional defense, that he had become intemperate. All these are specified in the policy as grounds of forfeiture. The answer also set up the bar of ten years' limitation since the action accrued.

The case was submitted to the jury under instructions which authorized a verdict for the plaintiff, if the evidence satisfied them that the defendant refused to receive or receipt for the premium tendered on the 6th May, 1861 ; provided John Woodson Smith had not before that day entered the military service of Virginia, and had not become intemperate in his habits ; and

the court declared that non-intercourse had not been authoritatively announced between Virginia and the government at Washington, until the 16th of August, 1861, when President Lincoln issued his proclamation in pursuance of the act of congress of July 13th.

Under these instructions the plaintiff obtained a verdict for $914, and a judgment at special term was entered accordingly. The general term, on a review of the case, affirmed this judgment, all the judges concurring in the opinion delivered by Judge Krum.

The case comes to this court by appeal.

The defenses based on the charge of intemperance and joining the Confederate army, having been submitted to the jury, no question arises on them or either of them.

The date of the prohibition of intercourse between citizens of Virginia and Connecticut was correctly stated in the instructions given by the judge presiding at the trial, as has been repeatedly established by decisions of the Supreme Court of the United States.

It will be seen that the object of the petition in this case is not to enforce the contract of insurance, but to claim damages for its dissolution by the company without justifiable cause ; and the damages claimed and awarded were the value of this policy at the date of its dissolution by the company's agent. The opinions of actuaries in regard to the value of this policy were submitted to the jury, and the verdict was based on that evidence, giving the plaintiff interest on the estimated value at the rate of six per cent.

In the case of New York Life Insurance Company vs. Stathan and others, decided in the Supreme Court of the United States at the October term of the present year, and printed in the Central Law Journal (vol. 3, p. 723), the court held that such damages were recoverable. Four judges dissented, but two of them on the ground that the civil war of 1861 merely suspended the contract, and therefore that the plaintiffs in the case decided were entitled to recover the entire sum secured in the policies, the party or parties being dead whose lives were insured. The same

opinion, substantially, had been previously expressed by the five judges of the circuit court in St. Louis, through Judge Krum, affirming the judgment of Judge Lindley.

These opinions of Mr. Justice Bradley of the Supreme Court of the United States, and of Judge Krum of the Circuit Court of St. Louis, contain a review of all the cases on the subject, and we think it unnecessary to repeat them, concurring as we do in their views.   (Cent. Law Journ., vol. 1, No. 7.)

The statute of limitations pleaded in this case was no bar, because the plaintiff was a married woman when the right of action accrued.   Although her husband might have sued when the cause accrued in 1861, her right to sue within the time limited by the act in regard to coverture is not affected.   An infant may sue by his guardian, or a married woman by her husband, but they are entitled to the privilege of disability.   (Keeton vs. Keeton, 20 Mo. 543, and cases there cited.)

The intervention of the war cuts no figure in this case, because both parties lived in Virginia when the cause of action accrued (Manhattan Life Ins. Co. vs. Warwick, 20 Grat. 614), and therefore the four years of war could not be deducted from the ten years in which the suit was allowed.

The judgment is affirmed.   The other judges concur.