FERDINAND BISHOP, Respondent, v. COVENANT MUTUAL LIFE INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, October 23, 1900.**

1. **Premiums: Action to Recover Back: FORFEITURE OF POLICY FOR NON PAYMENT OF MONTHLY PREMIUM: EVIDENCE NOT SUFFICIENT TO SUPPORT VERDICT.** The issue of fact submitted to the jury was, whether the plaintiff had failed to pay on the first of September the premium for that month; this issue, under the evidence, was found for plaintiff, and a verdict for the full amount of the premiums paid by plaintiff returned into court and judgment rendered for the amount. The judgment was attacked on the ground that the evidence was insufficient to support it: Held, that there was no substantial evidence that the letter inclosing the September premium was received at defendant's office in the city of St. Louis on the first day of September; and held, further, that there was no substantial evidence to support the judgment, and cause reversed.

2. ———: ———: ———: **JUDICIAL NOTICE.** Court will take judicial notice of the geographical locations of the cities of Hannibal and of St. Louis; that railroads are in operation between them, but will not assume that a mail train left Hannibal after four o'clock on the afternoon of August 31, in time for plaintiff's letter to reach defendant's office the following day.

3. ———: ———: ———. A court can not take judicial notice of the time of the arrival or departure of trains.

4. ———: ———: **PREMIUMS TENDERED IN TIME.** If the premium was tendered in time, the refusal of defendant to receive it, and its declaration of forfeiture were wrongful, which entitled the plaintiff to recover back the amount of the premiums theretofore paid.

5. ———: ———: ———: **NO PAYMENT WITHOUT RECEIPT, DEFINED.** The stipulation in the policy "that no moneys payable to the company on account hereof shall be considered as paid, unless a receipt be given therefor signed by the president or secretary thereof, etc.," is intended only, to protect the company against unauthorized payments to local agents or collectors.

Appeal from the Hannibal Court of Common Pleas.—*Hon. David Eby*, Judge.

REVERSED AND REMANDED.

*Geo. A. Mahan* and *A. R. Smith* for appellant.

(1) There is no provision in the policy as to where the premiums should be paid, hence they must be paid at the home office of the company. Ins. Co. v. Davis, 95 N. S. 425; 2 Bacon on Life Ins., p. 724. In addition plaintiff had direct instructions under the letter of January 16, 1896, which he fully understood and with which he complied up to the defaulted premium. This letter directed that the premium must be paid at the home office by the first of each month. The testimony of both plaintiff and his wife shows they well knew this fact, but there is not one scintilla of evidence that it was so paid on the first of September, 1898. All the evidence shows directly to the contrary. (2) There was no fact upon which such a verdict could be based—hence the court committed error. Brown v. Railway, 101 Mo. 484; Walton v. Railway, 49 Mo. App. 620; Friesz v. Fallon, 24 Mo. App. 439; Doty v. Steinberg, 25 Mo. App. 328; Clark v. Fairley, 30 Mo. App. 335. (3) The policy stipulates that if it "shall lapse for nonpayment of any premium after the second year, the holder shall be entitled to extended insurance," etc. So by its very terms time is of the essence of its contract and if the premium is not paid when due "extended insurance" begins. Gaterman v. Ins. Co., 1 Mo. App. 300; 2 Bacon Life Ins., 702; Richardson v. Ins. Co., 18 S. W. Rep. 165.

*W. H. Fisher* and *A. E. Fisher* for respondent.

(1) In this case the plaintiff was authorized to send his

monthly premiums by mail. Hence depositing his letter, containing the required premium in the mail on or before the day of payment, and directed to the defendant at its home office, was in law, a compliance with the terms of the policy, and the notice of January 16, 1896, and was a payment at the home office on that day, and the plaintiff is not responsible for the delay in the mails, if any occurred in this case. 2 Bacon on Benefit Societies and Life Insurance (2 Ed.), 723 to 725 and cases cited; Ins. Co. v. Eastman, 54 Neb. 90; Ins. Co. v. Eggleston, 96 U. S. 572; Ins. Co. v. Foote, 79 Ill. 361; Warnicke v. Noakes, 1 Peake 67; Hawkins v. Rutt, 1 Peake 186; Kington v. Kington, 11 M. & W. 233; Currier v. Ins. Co., 53 N. H. 538; Whitley v. Ins. Co., 71 N. Car. 480; 2 Parsons on Contracts (4 Ed.), 131. (2) Even had the premium, due September 1, 1898, not been mailed until September 2, 1898, as claimed by defendant, yet, as the defendant had been previously receiving these monthly premiums by mail after the time named in the policy and notice, this in law, was a waiver of the condition as to time of payment. 2 Bacon on Benefit Societies and Life Insurance (2 Ed.), sec. 361, p. 712; Thompson v. Ins. Co., 52 Mo. 469; Hanley v. Life Ass'n, 4 Mo. App. 253; Bergmann v. Ins. Co., 2 Mo. App. 262; 11 Am. and Eng. Ency. of Law (1 Ed.), 336. Hence, the trial court had ample evidence to justify its action, and committed no error in finding a verdict for plaintiff. (3) The appellant claims there was no evidence to justify the court in finding that the premium due September 1, 1898, was duly paid, when there was ample evidence that a letter containing this premium, having appellant's printed address upon the envelope, was mailed by respondent at the post office in Hannibal, Mo., on August 31, 1898, in the same manner that respondent had been sending the premiums, and the appellant had been receiving them without objection, or that they were not sent

in time.   And the court will take judicial notice of the running of mail trains between Hannibal and St. Louis, and that the letter and money reached St. Louis and was delivered to appellant on September 1, 1898.   1 Am. and Eng. Ency. of Law, 151; Brown v. Piper, 91 U. S. 37; 1 Greenl., Evid. (14 Ed.), sec. 6; and this with the other evidence shows that the court committed no error in finding that this premium was duly paid.

BIGGS, J.—In consideration of monthly premiums to be thereafter paid on the first day of each month at its office in the city of St. Louis, the defendant issued its policy of insurance on the life of plaintiff.   The plaintiff paid the premiums from February, 1891 to August, 1898.   The defendant declared the policy forfeited for the alleged non-payment of the premium due on the first day of September, 1898.   The present action is to recover back the amount of premiums with interest, upon the ground that the September installment was promptly tendered and hence the action of defendant in refusing to receive it and in forfeiting the contract was wrongful.

The plaintiff resides in the city of Hannibal.   His claim is that he sent the amount of the September assessment by mail; that the letter was deposited in the post office in the city of Hannibal on the afternoon of August 31, and that it arrived at defendant's office by due course of mail on the first day of September, the day the premium was due.

The evidence offered by the defendant tended to prove that the letter referred to by plaintiff was not received by it until September 3d; that it was mailed in Hannibal on the preceding day, and that immediately upon the receipt of the money the defendant returned it and notified the plaintiff that his policy was forfeited.

The date of the receipt of the money was the only issue of fact. The court sitting as a jury found that the money was received by the defendant on the first day of September, and it thereupon rendered judgment in favor of the plaintiff for the amount of premiums paid with interest added. The defendant has appealed.

The assignment of error that the evidence is insufficient to support the judgment must be sustained. There was no substantial evidence that the letter inclosing the September premium was received at the defendant's office in the city of St. Louis on the first day of September. The extent of the proof offered by plaintiff was that he mailed the letter between three ond four o'clock on the afternoon of August 31st. In order to help out the plaintiff's case we may take judicial notice of the geographical locations of the city of Hannibal and the city of St. Louis (1 Greenl. on Evid., sec. 6); also that there are railroads in operation between the two cities, and the ordinary speed of trains, and thus determine the time required for the transportation of a letter from one place to the other. Pearce v. Eangfit, 101 Pa. St. 507. But to uphold the judgment we must also assume that there are daily mails between the two cities, and that a mail train left the city of Hannibal after four o'clock on the afternoon of August 31st in time for plaintiff's letter to reach the defendant's office the following day. This would be stretching the doctrine of judicial notice to an extent unwarranted by any precedent to which our attention has been directed. A court can not take judicial notice of time of the arrival or departure of trains. Wiggins v. Burkham, 10 Wall. 129.

In view of another trial or a possible settlement of the controversy it is proper to notice other assignments.

The contention that the defendant was entitled to a judgment by reason of the alleged insufficiency of plaintiff's reply, is without merit, for the reason that the answer contains

no new matter, and hence a reply was unnecessary.

If the premium was tendered in time, then the refusal of defendant to receive it and its declaration of forfeiture were wrongful, which entitled the plaintiff to recover back the amount of the premiums theretofore paid. This is the law of this state, whatever the rule may be elsewhere. McKee v. Ins. Co., 28 Mo. 383; Suess v. Ins. Co., 64 Mo. App. 1. The provision in the policy that if it "shall lapse for the nonpayment of any premium the insured shall be entitled to extended insurance," is but declaratory of a statutory right, (chap. 89, art. 2, R. S. 1889) and is for the benefit of the insured, if he so elects, where the company wrongfully declares a forfeiture.

The stipulation in the policy "that no moneys payable to the company on account hereof shall be considered as paid unless a receipt be given therefor signed by the president or secretary thereof," etc., can have no application where the money is sent by the policyholder direct to the office of the company. This provision is intended only to protect the company against unauthorized payments to local agents or collectors.

For the error pointed out the judgment will be reversed and the cause remanded. All concur.