MICHAELSEN v. SECURITY MUT. LIFE INS. CO.

(Circuit Court of Appeals, Third Circuit.  May 13, 1907.)

No. 29, March Term, 1907.

INSURANCE—ANTICIPATING BREACH OF CONTRACT FOR LIFE INSURANCE—REMEDY.

> Under the law of New York the wrongful refusal of a life insurance company to receive premiums on a policy which are due by its terms and to continue the policy in force is a breach of the contract which entitles the policy holder to maintain an action to recover damages therefor.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 513–515.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 150 Fed. 224.

Ruby R. Vale and Edward W. Magill, for plaintiff in error.

Joseph H. Taulane, Thomas Earle White, Fredric William Jenkins, and White, White & Taulane, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.  In this case, Michaelsen, herein styled plaintiff, held a policy of insurance on his own life, issued by the Security Mutual Life Insurance Company, herein styled defendant.  It was agreed between the parties that plaintiff should surrender his policy and defendant should substitute for it another.  Plaintiff accordingly surrendered his policy, receiving a receipt therefor which stipulated "that the surrendered policy shall remain in full force and effect until the issuance of the new policy, unless previously terminated by failure to pay premiums thereon when due."  Some time later defendant tendered him a new policy which plaintiff alleged was not the kind agreed to be delivered.  He refused to accept the same, demanded a return of his old policy, and tendered the annual premium thereon.  The defendant refused to deliver that policy, and refused to receive the premium thereon.  Thereupon plaintiff brought suit, alleging two causes of action, viz.:  First, that defendant had unwarrantably refused to receive the annual premiums due on his original policy; and, secondly, that defendant failed to carry out its agreement to substitute a particular kind of policy in exchange for the original policy.  There was a general verdict for plaintiff.  Under the issues raised such verdict established the facts, first, that the defendant broke its contract to deliver the policy stipulated for, and, secondly, that it unwarrantably refused to accept the premiums on the original policy.  The policy provided:

"The place of this contract is expressly agreed to be the Home Office of the Association in the City of Binghamton, New York, and this contract shall be governed by and construed only according to the laws of the State of New York."

Now it is clear that under the decisions of the New York courts the obligation of the insured to pay the yearly premiums on his policy im-

plies a corresponding obligation on the insurer to receive such premiums yearly, so long as the policy remains in force (Fisher v. Hope Mutual Life Insurance Comany, 69 N. Y. 163), and an unjust refusal to accept such premiums constitutes a breach of the contract (Speer v. Phœnix Life Insurance Company, 36 Hun [N. Y.] 324). In the latter case it is said:

"The defendant by refusing to receive the premium and continue the policy broke the contract at the date of such refusal, and subjected itself to the consequences that follow the breach of a binding agreement. The plaintiff has two remedies: One, to enforce the policy in equity by compelling the company to receive the premium and continue the insurance in force; the other, to recover at law such damages as he sustained by reason of the breach."

In People v. Security, etc., Co., 78 N. Y. 125, 34 Am. Rep. 522, it is said:

"The agreement is necessarily implied that the company will receive the premiums and keep the policy in life. * * * Therefore when it violates the law, * * * makes it impossible for the assured to pay premiums, and fails to carry the policies, it has broken its engagements with its policy holders and becomes liable to them on account of such breach. The policy holders then have a claim for damages, just as they would have if while doing business it had without just cause refused to receive the payment of premiums and to continue the policies in life."

In Kenyon v. National Life Ass'n, 39 App. Div. 293, 57 N. Y. Supp. 60, it was held that where the company wrongfully refused to receive a premium the insured "might elect to consider the policy at an end and bring an action to recover the just value of the policy." Under the decisions referred to, a right of action upon a wrongful refusal to accept accrued, and an action could have been maintained in the courts of New York. That action being brought in the court below, the plaintiff, under the facts determined by this jury, was entitled to have his damages assessed in accordance with our decision in Supreme Council v. Black, 123 Fed. 650, 59 C. C. A. 414. Notwithstanding such a verdict for the plaintiff, the court below felt constrained under certain New York decisions to enter judgment for the defendant on the ground that, this being a New York contract, a suit for damages would not lie in New York on an anticipatory breach of an insurance policy by a mutual insurance company. In view of the express holdings above noted that such an action will lie, we cannot accord to the cases cited the effect given by the court below. The case of Langan v. Supreme Council, 174 N. Y. 270, 66 N. E. 932, does not hold there can be no anticipatory breach whatever of an insurance policy which will warrant a suit in the New York courts for damages of a breached contract, but only that the facts of that case did not show a breach of contract which justified an action for damages. Far from denying that there could be no breach by way of anticipation; the contrary is virtually assumed. Thus the court say:

"It is assumed by the plaintiff that there has been such a breach of the defendant's contract of insurance as to entitle him to bring an action for the recovery of damages therefor. This assumption is incorrect. * * * The action of the defendant in the attempted amendment of the by-law which was in force when the plaintiff joined the association and received his certificate was wholly ineffectual to deprive him of any rights which had be-

come vested. It was beyond the power of the defendant to affect the obligation expressed in the certificate, without the consent of its holder. Weber v. Supreme Tent of K. of M., 172 N. Y. 490, 65 N. E. 258, 92 Am. St. Rep. 753. If, therefore, the amendment was void and inoperative, the contract of insurance remained unaltered and impaired. Its enactment constituted no breach of contract."

The case of Kelly v. Security Company, 186 N. Y. 16, 78 N. E. 584, turned on the question of the sufficiency of the pleadings. It was there said:

"What breach was alleged? The only allegation on that subject is that the defendant wrongfully declared the contract 'void and forfeited,' denied that the plaintiff had 'any rights thereunder,' and refused 'to continue said policy in force.' * * * There is no allegation of a refusal to receive premiums or give receipts therefor."

Manifestly that case is not controlling in a case like the present, where the company wrongfully retained the policy, wholly repudiates it, and absolutely refuses to receive any premiums thereon. We are therefore of opinion the judgment should be reversed and the court below directed to enter judgment for the plaintiff.