to the educational fund of the state. This court should not, on the application for a temporary injunction, take such action as would delay the application of the income from said mortgages being applied to such a purpose.

The city of New York, which has taken title to a portion of the premises in question, has applied to intervene upon this motion and action, filing an affidavit here; but no sufficient reason is given by it, or on its behalf, why a temporary injunction should issue, and it has the same right as the plaintiff to stop the foreclosure by payment of the principal, interest, and costs. The application of the city of New York to intervene in this action is granted.

My attention is called by the plaintiff to an alleged agreement, signed by the plaintiff, by which the plaintiff claims the defendants agreed to relinquish their lien upon the land covered by their mortgages and hold said lien against the said award heretofore made by the city of New York. The commissioners have no power to make any such agreement (Switzer v. U. S. Commissioners for Loaning Money, 134 App. Div. 487, 119 N. Y. Supp. 383), and it appears that the agreement does not bear that construction, nor was it signed by the commissioners.

Motion for a temporary injunction denied, with $10 costs to the defendants.

---

## PRICHARD v. SECURITY MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. INSURANCE (§ 237*)—LIFE INSURANCE—ACTION TO RESTORE FORFEITED POLICY—COMPLAINT.

Under Code Civ. Proc. § 481, requiring a complaint to contain a plain and concise statement of facts constituting the cause of action, a complaint alleging that plaintiff made written application to defendant for life insurance, that defendant issued to him a policy, and setting out in substance the contract, and alleging that plaintiff complied with all the terms thereof on his part to be performed, and that defendant unlawfully attempted to forfeit it, and asking to have it restored, is sufficient without setting out the application, the policy, and defendant's by-laws.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 513–515; Dec. Dig. § 237.*]

2. INSURANCE (§ 237*)—LIFE POLICY—FORFEITURE—ACTION TO RESTORE—PARTIES.

The beneficiary under a life policy which the insurer has attempted to forfeit is not a necessary party to an action by insured to restore it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 513–515; Dec. Dig. § 237.*]

Appeal from Special Term, Ontario County.

Action by Benjamin F. Prichard against the Security Mutual Life Insurance Company. Demurrer to the complaint was overruled, and defendant appeals. Affirmed.

See, also, 121 N. Y. Supp. 1144.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The following is the opinion of Clarke, J.; in the lower court:

The plaintiff brings this action in equity, and prays that a policy of insurance which had been issued to the plaintiff by the defendant in 1887, and which the defendant had declared forfeited, be adjudged to be in full force and effect and a valid and binding contract upon the defendant. Defendant demurrs to the complaint upon the following grounds:

First. That it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action.

Second. Upon the ground that it appears that there is a defect of parties plaintiff in that the beneficiary named in the policy sought to be restored is not joined as a plaintiff.

Third. Upon the ground that it appears from the complaint that the plaintiff has no legal capacity to sue because he has not acquired the interest or title of the beneficiary named in the policy, nor has the beneficiary authorized plaintiff to bring this action.

The complaint sets forth with sufficient exactness that the defendant is a domestic corporation organized and existing under the laws of the state of New York. It next contains the following allegation: "That on or about the 30th day of December, 1887, upon the plaintiff's written application and in consideration of the sum of $22.35 then paid by the plaintiff to the defendant, and the further payments of the sum of $22.35 quarterly thereafter paid by the plaintiff to the defendant, the defendant for a valuable consideration made, executed, and delivered to the plaintiffs its certain policy of insurance numbered 626, and dated that day, under the hands of its proper officers and the seal of the defendant, and in and by such contract did insure the life of this plaintiff in the sum and amount of $5,000 payable upon the death of this plaintiff to his wife, Carrie S. Prichard, and to the application above stated, this policy of insurance and the by-laws of the defendant then in force the plaintiff hereby refers, and makes the same a part of this complaint as though fully set forth herein, when they shall be produced upon the trial of this action." The complaint then proceeds to allege that the plaintiff in pursuance of the terms of the said contract or policy up to the time of the commencement of this action duly paid to the defendant and duly tendered to the defendant each of the quarterly payments due thereon and all sums of money due thereon according to the terms and conditions of the policy, and duly performed and fulfilled upon his part each and every of the conditions of the said contract of insurance. The complaint further alleges that, notwithstanding the faithful performance of the said contract upon the part of the plaintiff, the defendant wrongfully, unlawfully, and illegally and in violation of the contract rights of the plaintiff has declared the contract lapsed and forfeited, together with all moneys paid thereon, and dividends declared and earned, and denies that the plaintiff has any rights thereunder, and the plaintiff seeks in this action to have the policy restored and to have it adjudged that it is in full force, and that the attempted forfeiture thereof by the defendant is illegal.

The complaint is sufficient if it contains a plain and concise statement of the facts constituting the cause of action without unnecessary repetition. Code Civ. Proc. § 481. The defendant urges that the complaint is defective largely because it does not contain a copy of the written application for the insurance, and a copy of the policy itself, together with a copy of the defendant's by-laws in force at the time the policy was issued, or that it does not state the substance of said documents or any part thereof. This action is not brought for the purpose of recovering the amount named in the insurance policy, and I think the case cited by the learned counsel for the defendant —Todd v. Union Casualty Ins. Co., 70 App. Div. 52, 74 N. Y. Supp. 1062—is not a controlling authority here. That action was brought for the amount specified in the policy. It was an action on the contract itself without specifying any of its terms and conditions and did not specify any fact showing a waiver of any of those conditions on the part of the defendant, and the court sustained the demurrer. The case at bar is distinguishable from the Ovenshire Case, for there the action was for an accounting for a reserve fund, and the complaint alleged very little excepting that the plaintiff was a policy holder. Here the plaintiff alleges the substance of the contract, and,

after reciting the fact that he made a written application for insurance, that the company issued to him a policy, that he complied with all the terms thereof on his part to be performed, alleges that the company unlawfully attempted to forfeit the policy, and he asks to have it restored. The language used is certainly a plain and concise statement of plaintiff's alleged cause of .action, and there is no possible chance for the defendant to be misled or confused by this pleading, and in considering a plea of this character all reasonable intendments will be indulged for its support. Lorillard v. Clyde, 86 N. Y. 385.

Following that rule, it seems to me that the complaint in question states a cause of action, and in many respects is a model pleading. This complaint alleges the making of the contract, the performance by the plaintiff of the terms thereof on his part to be performed, and the fact that the defendant has illegally attempted to forfeit the policy. What more could the pleader have done to make a plain and concise statement of his alleged cause of action? I think nothing, and that the complaint does state a cause of action. Bogardus v. N. Y. Life Ins. Co., 101 N. Y. 328, 4 N. E. 522; Murray v. N. Y. Life Ins. Co., 9 Abb. N. C. 309. Moreover, I do not think that the beneficiary named in the policy was a necessary party defendant. She had no actionable interest in the policy during the life of the plaintiff, and the action brought to compel the company to right an alleged wrong done the plaintiff is properly brought in his name. Shipman v. Protected Home Circle, 174 N. Y. 409, 67 N. E. 83, 63 L. R. A. 347; Hunt v. Pro. Sav. Life Assur. Soc., 77 App. Div. 342, 79 N. Y. Supp. 74; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513.

It impresses me that the complaint sets forth facts sufficient to constitute a cause of action, and the demurrer must be overruled.

Judgment is directed in favor of the plaintiff on the demurrer, with costs, with leave to the defendant to withdraw the demurrer, and answer the complaint within 20 days on payment of costs.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

H. D. Hinnan, for appellant.
S. Mack Smith, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, upon the opinion of Clarke, J., delivered at Special Term, with leave to the defendant to plead over within 20 days, upon payment of the costs of the demurrer and of this appeal.

---

McCABE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   July 29, 1910.)

1. RELEASE (§ 35*)—CONSTRUCTION—RELEASE OF FUTURE CLAIMS—"HAS OR MAY HAVE."

Plaintiff gave defendant railroad company a receipt reciting that it was in full satisfaction of all claims and demands whatsoever which plaintiff "has or may have" against defendant by reason of damages to plaintiff's land from the overflow of water, etc., for all expenses caused by the overflow, for the conveyance of a parcel of land over which the overflow was, and for a general release, and providing that a deed and release should be executed. Held, that the receipt only provided for the release of the existing claim for damages caused by the overflow, and not for future claims for such damages.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 82; Dec. Dig. § 35.*]