No. 10,597.

DeFord v. New York Life Insurance Co.

Decided March 3, 1924.   Rehearing Denied April 7, 1924.

Action on life insurance policy.   Judgment of dismissal.

*Affirmed.*

No. 10,609.

DeFord, Administrator v. New York Life Insurance Co.

Decided March 3, 1924.   Rehearing Denied April 7, 1924.

Action against a life insurance company for damages alleged to have been occasioned by delay in issuing and delivering a policy.   Judgment of dismissal.

*Reversed.*

1. ACTIONS—*Tort*—*Parties.* An action against a life insurance company for damages for delay in issuing a policy, being in tort, the right of action vested in the legal representatives of deceased, and a demurrer to the complaint of the beneficiary, based on the policy, held properly sustained.

2. INSURANCE—*Life Insurance*—*Public Interest.* Insurance companies are affected with a public interest.

3.    *Life Insurance—Duty of Company.*  Where an applicant for life insurance pays for insurance from the date of application, but the insurance is not effective until the policy is delivered, the company is under a duty to act promptly upon the application, and if it executes a policy, to deliver it in a reasonable time.

4.    *Life Insurance—Delivery of Policy—Reasonable Time—Jury Question.*  In an action against a life insurance company for damages for delay in delivering a policy, whether or not a delay of twenty days was reasonable, held a question for the jury.

5.    *Life Insurance—Application—Duty of Company.*  When a life insurance company has received the first premium on a policy, which is to apply from the date of application, fair dealing requires that it act upon the application within a reasonable time.

6.    Pleading—*Complaint.*  Complaint in an action against a life insurance company for damages for delay in issuing and delivering a policy, considered and held to state a cause of action.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. William R. Kelly, Mr. Worth Allen, for plaintiff in error.

Mr. William A. Jackson, Mr. Louis H. Cooke, for defendant in error.

*Department Two.*

Mr. Chief Justice Teller· delivered the opinion of the court.

Plaintiff in error was plaintiff below, suing as the administrator of the estate of his deceased son for damages, alleged to have resulted from delay on the part of the defendant in error in the issuing and mailing of a policy on the son's life.

A suit by the mother, the beneficiary in the policy, was brought at the same time for the sum named in the policy. Demurrers to the complaints in both actions were sus-

tained, and the cases are now here for review. This action being in tort for negligence on the part of the defendant, and not upon the policy, the basis of the action is that of failing to discharge a duty owing to the deceased. Such being the case, the right of action vested in the legal representative of deceased. *Duffie v. Bankers' Life Ass'n.*, 160 Iowa, 19, 139 N. W. 1087, 46 L. R. A. (N. S.) 25. It follows that the demurrer to the complaint by the mother was properly sustained, and the judgment in that case will be affirmed.

The complaint in this cause alleges that an application was made by the insured, on the 11th of December, 1918, for a policy in the sum of $1,000, such application being accompanied by the applicant's promissory note for the amount of the semi-annual premium, which was accepted as payment, and cash payment waived; that the application was approved at the home office of defendant, on December 21, 1918, and a policy in the sum named was then executed and issued by the defendant; that defendant failed to use due diligence in acting upon said application, and negligently failed to mail the policy until December 30th or 31st, at which time it was mailed to the Denver office of the defendant; that the applicant became sick on the 23rd of December, and died on the 26th of that month.

It is alleged further that under the policy the company was being paid for insurance from the time of the application, though it did not become effective until the policy had been "delivered to and received by the applicant during his lifetime and in good health," because of which conditions the company owed a duty to the applicant to use reasonable care and diligence in passing upon the application, and in the execution and delivery of the policy.

Damage is claimed in the sum named in the policy. Counsel on both sides have discussed at some length the question whether or not an insurance company is affected with a public interest, so as to make it owe legal duties, not originating in contract.

In the case of *Duffie v. Bankers' Life Ass'n., supra,* it

is held that an insurance company is affected with a public interest, and that having solicited the business, and an application having been made, it is bound to furnish the insurance, or decline so to do, within a reasonable time, or suffer the consequences growing from its neglect. Other cases are to the same effect. See 14 R. C. L. p. 857.

Aside from this, however, the action is maintainable upon the theory of the complaint that, inasmuch as the applicant was paying for insurance from the date of the application, the defendant was under a duty to act promptly upon the application, and having executed the policy, it was bound to deliver it within a reasonable time. Such would appear to be the implication from the transaction between the parties.

It must not be overlooked that plaintiff charged the defendant with a breach of duty in failing to act promptly on the application, as well as in the delivery of the policy. A period of ten days elapsed from the taking of the application to its approval and the issue of the policy, and there was a further delay of nine or ten days in the mailing of it. Whether under the facts alleged—payment of the premium with no protection until the policy was delivered,—such delay of twenty days was reasonable was for the jury to determine. It cannot be said that the defendant could not, with prompt action, have put the policy in the hands of the applicant within the twelve days between the date of the application and the beginning of applicant's sickness; and hence the complaint stated a cause of action.

Cases are cited to the effect that an insurance company is not required to insure all applicants who may be eligible to insurance, and that it is not, therefore, under a duty to act promptly in considering applications.

This case, however, presents a different question. When a company has received the first premium, and it is to apply from the date of the application, fair dealing requires that the company act upon the application within a reasonable time. Otherwise, it would be permitted to

hold the applicant's money, with no return, for such time as it saw fit; a condition which cannot be supposed to have been intended by the parties.

The cause of action being for damages resulting from defendant's neglect to act promptly in considering the application, and in the issue and delivery of the policy, there is no occasion for considering whether or not the policy was delivered as required by the contract, of which question the briefs contain an extended discussion.

The complaint states a cause of action, and the sustaining of the demurrer was error. The judgment is accordingly reversed.

MR. JUSTICE BURKE, sitting for MR. JUSTICE DENISON, and MR. JUSTICE WHITFORD concur.