[No. 23104.   Department One.   July 3, 1931.]

VUKE STRAY, *Appellant,* v. WESTERN STATES LIFE INSURANCE COMPANY, *Respondent.*[1]

*P. L. Pendleton* and *W. G. Palmer,* for appellant.
*Hayden, Langhorne & Metzger,* for respondent.

[1]Reported in 300 Pac. 1046.

HOLCOMB, J.—This action was instituted by appellant to recover the amount of a policy of insurance upon the life of Robert Perlain, brother of appellant.

The complaint alleges that on June —, 1928, Robert Perlain, at the solicitation of a certain agent of respondent, applied for insurance on his life in the sum of $1,000, paid the required premium therefor, and the agent represented that a policy of life insurance would be issued to Perlain by respondent insuring his life in the sum of $1,000, the policy to name appellant as beneficiary to whom the $1,000 would be paid in the event of the death of the insured during the life of the policy.

It is alleged that respondent carelessly and negligently failed to act upon the application of Perlain, carelessly and negligently failed to deliver its policy of insurance in accordance with the application, and wrongfully and negligently failed either to issue to him the policy of insurance applied for, or to reject the application therefor and give Perlain notice of such rejection so that he might have procured other insurance. It is averred that Perlain did everything on his part required by respondent for the purpose of being fully insured in the sum of $1,000 to be paid to appellant as his beneficiary in case of death during the life of the policy. It is further alleged that, immediately after the consummation of the agreement for the issuance of such life insurance policy, Perlain went to a logging camp, where, within one year from the date of the application, he met with an accident which resulted in his death. It is then alleged that, by reason of the negligence and carelessness of respondent by reason of the foregoing allegations, appellant is damaged in the sum of $1,000.

To the complaint respondent demurred, upon the grounds that appellant had no legal capacity to sue;

that there is a defect of party plaintiffs; that several causes of action have been improperly united; that the complaint does not state facts sufficient to constitute a cause of action.

The trial court sustained the demurrer, upon which appellant filed its election to stand upon the complaint, and judgment was thereupon entered dismissing the action.

As stated by appellant, the only question before the court is: Is appellant the proper party to bring this action?

She relies particularly upon Rem. Comp. Stat., § 179, which requires that an action shall be brought by the real party in interest.

There is no question but that appellant would be the real party in interest had the application for the insurance been accepted by respondent, whether a policy had been delivered or not. The action would then be one *ex contractu.* The application not being alleged to have been accepted, but merely that respondent was negligent in not passing upon the application, and neither accepting it nor rejecting it so that the applicant could procure other insurance, if desired, the action must necessarily be in tort, although founded upon the contract. In such case, the statute authorizing the maintenance of actions by the real party in interest is not applicable, for the reason that this presents a question of the survival of actions. Under the statute of survival (Rem. Comp. Stat., § 967), such actions survive to the personal representative only. *Dyer v. Missouri State Life Ins. Co.,* 132 Wash. 378, 232 Pac. 346. Although § 179, *supra,* was not invoked there, the suit having been brought by the administratrix, her right to maintain it under our survival statute was sustained. It is plain that, unless it survived the death of the decedent, there would be no cause of ac-

tion; and if it survived the death of the party intended to be insured, the statute granting the right of action therefor is exclusive. In *De Ford v. New York Life Ins. Co.*, 75 Colo. 146, 224 Pac. 1049, two actions were brought against the insurance company, one by the beneficiary as plaintiff and the other by the administrator. The court there held that the demurrer to the complaint by the beneficiary was properly sustained and affirmed it, and in so doing observed:

"This action being in tort for negligence on the part of the defendant, and not upon the policy, the basis of the action is that of failing to discharge a duty owing to the deceased. Such being the case, the right of action vested in the legal representative of deceased. *Duffie v. Banker's Life Ass'n*, 160 Iowa 19."

In the *Duffie* case, cited in the foregoing opinion, the trial court had rendered judgment in favor of defendant in a case to recover damages for neglect to act upon an application for life insurance instituted by the beneficiary. The supreme court sustained the trial court. In passing upon the case, the court, among other things, said:

"The application named plaintiff as his beneficiary, and, had the certificate issued, likely she would have been named therein as such. But there was no contract, and the negligence, if any, was that of failing to discharge a duty owing the deceased. Had the certificate issued, whether plaintiff or someone else were beneficiary would have been optional with the insured, and as the injury, if any, was to him, his representative alone can maintain the action for resulting damages. See *Schmidt v. Association*, 112 Iowa 41."

Two cases are cited by appellant to sustain her contention that she should be allowed to maintain this action: *Robinson v. United States Benevolent Society*, 132 Mich. 695, 94 N. W. 211, 102 Am. St. 436, and *Indiana National Life Insurance Co. v. Maines*, 191 Ky.

309, 230 S. W. 54. Each was an action instituted by the beneficiary. The question as to whether the beneficiary was the proper party was not raised or discussed in either case. We consider neither of the cases as authority.

Under our statutes and decision in the *Dyer* case, *supra,* which is, to some extent, in point, the judgment was right.

Affirmed.

TOLMAN, C. J., MITCHELL, MAIN, and MILLARD, JJ., concur.