WILLIAM J. WOLLMAN, RESPONDENT, v. BROTHERHOOD OF AMERICAN YEOMEN, APPELLANT.—95 S. W. (2d) 645.

Kansas City Court of Appeals.   May 25, 1936.

*Kennard & Gresham, F. M. Kennard* and *Walter J. Gresham* for respondent.

*Boxley, Hillix & Hodges* for appellant.

CAMPBELL, C.—Plaintiff's petition alleged that defendant was a corporation engaged in the life insurance business and that in January, 1923, the defendant issued to plaintiff a policy of life insurance in the amount of $1000 ''upon a legal reserve basis;'' that plaintiff paid the premiums and assessments required to be paid and that in February, 1932, while the ''certificate'' was in full force the defendant wrongfully cancelled the certificate and refused to receive further premiums or assessments although plaintiff tendered the same; that by the wrongful repudiation of the contract plaintiff has been damaged in the sum of $1000.

The answer pleaded facts showing that defendant was a fraternal beneficiary society; that the certificate mentioned in plaintiff's petition was void because plaintiff had failed to pay monthly assessments and dues as required by the terms of the contract; that after plaintiff's alleged cause of action accrued he was adjudged a bankrupt by the bankruptcy court of the United States for the Western Division of the Western District of Missouri; that a trustee was appointed in said proceedings; that in September, 1933, the trustee upon the request of plaintiff set aside wearing apparel and household goods as property to which plaintiff was entitled under the exemption laws of Missouri; that the alleged cause of action was not included in such exempt property; that thereafter the plaintiff was discharged and the proceeding closed. Trial with a jury resulted in a verdict and judgment for plaintiff in the sum of $913.16. Defendant appeals.

Plaintiff's wife, the beneficiary named in the certificate, testified in effect that she paid the assessments on the certificate referred to in the petition and the assessments on the certificate issued to her by the defendant association; that she did not pay the assessments within the time stipulated in the contract; that the defendant's financial secretary told her that she could pay the assessments "as soon as you get the money;" that in February, 1932, she went to the defendant's financial secretary, paid the assessment on her certificate and tendered the assessments on her husband's certificate; that when the tender was made the defendant's financial secretary said that she would not receive the assessment for the reason that the "head officers" had suspended plaintiff "on account of his broken bones."

The plaintiff, on January 9, 1931, obtained a loan in the amount of $157. The loan was a lien on the certificate.

During the trial the parties agreed that the defendant was a fraternal benefit society; that in 1933 plaintiff was adjudged a bankrupt "according to law and regularly;" that a trustee was appointed and that plaintiff did not schedule the claim sued upon in this case or any claim that he had against the defendant in this action.

The defendant contends that the court erred in refusing its instruction in the nature of a demurrer to the evidence offered at the close of the case "directing the jury to return a verdict for the appellant." The plaintiff says that the defendant is not in position to predicate error upon the action of the court in refusing its peremptory instruction for the reason that the record shows that defendant "has not brought all the evidence to this court." This insistence is based upon the statement that the receipt books (plaintiff's Exhibits 2, 3 and 4) showing the amount of the assessments were introduced in evidence and that they are not set forth in the defendant's abstract. The plaintiff has furnished an additional ab-

stract. The Exhibits 2, 3 and 4 are not mentioned therein. We must, therefore, accept the defendant's abstract concerning the exhibits as verity. Moreover, the amount of the assessments was not an issue in the cause. The defendant's abstract is therefore sufficient to enable us to determine whether or not the case was one for the jury. The evidence discloses that the defendant wrongfully refused to receive the assessment tendered in February, 1932, and that the defendant had theretofore canceled the certificate.

Plaintiff in his brief says "that when a company wrongfully cancels a policy, the insured may elect whether he will sue for return of the premiums paid, or for the present value of the policy." We think the legal principle thus stated is supported by authority: McKee v. The Phoenix Insurance Company, 28 Mo. 383; Smith v. The Charter Oak Life Ins. Co., 64 Mo. 330; Bishop v. Covenant Life Ins. Co., 85 Mo. App. 302; Shadley v. Grand Lodge of Brotherhood of Railroad Trainmen, 212 Mo. App. 653.

The plaintiff in the case at bar did not sue for return of assessments paid or for the present value of the certificate. Plaintiff's trial theory as disclosed by his instruction No. 2 was that plaintiff was entitled to recover the present value of the certificate and that the jury in arriving at the present value should take into consideration the age of plaintiff, his reasonable expectancy of life, "and award him such sum as would, placed at interest at a reasonable rate, amount to $1000 at the expiration of his life expectancy, . . ." and that the jury could allow plaintiff interest from February 12, 1932. There was neither pleading nor proof sufficient to sustain plaintiff's theory. There was no allegation that the certificate had a present value. It will not do to say that plaintiff in any form of action could recover a sum equal to the full amount of the insurance. The defendant did not agree to pay the amount of the insurance stated in the certificate to the plaintiff at any time. Such sum, if the contract were in force, would be payable to the beneficiary upon the happening of the event matured the certificate.

We deem it unnecessary to discuss the other points presented in the case. The judgment is reversed and the cause remanded. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.