**VILES et al. v. PRUDENTIAL INS. CO. OF AMERICA.**

**No. 2331.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 29, 1941.

Rehearing Denied Jan. 12, 1942.

Writ of Certiorari Denied March 16, 1942.

See 62 S.Ct. 906, 86 L.Ed. ——.

Edmond L. Viles, pro se, for appellants.

Horace Phelps, of Denver, Colo. (James D. Benedict and Horace F. Phelps, both of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On June 10, 1927, the Prudential Insurance Company of America[1] issued its policy of life insurance for $10,000 on the life of Edmond L. Viles[2] in which Frances N. Viles[3] was named as beneficiary. The policy reserved in the insured the unqualified right to change the beneficiary.

The insured and beneficiary brought this action against the Insurance Company in the District Court in and for the City and County of Denver to recover damages for alleged repudiation of the policy. The Insurance Company duly removed the cause to the District Court of the United States for the District of Colorado.

In their complaint the insured and beneficiary allege the issuance of the policy and that it provides, if the insured shall become totally and permanently disabled "to such an extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime," and if such disability shall occur at any time after the payment of the first premium when the policy is in full force and effect and when the insured is less than 60 years of age and before any nonforfeiture provision has become operative, the Insurance Company upon receipt of due proof of such disability will waive the payment of any premiums falling due after receipt by the Insurance Company of such proof and will pay the insured a monthly income of $100, the first monthly payment immediately upon receipt of such proof, and the subsequent payments on the first day of each month thereafter.

They further alleged that they paid three semiannual installments of premiums

[1] Hereinafter called the Insurance Company.

[2] Hereinafter called the insured.

[3] Hereinafter called the beneficiary.

which covered all premiums due until December 10, 1928, and, with the grace period of 30 days, continued the policy in force until January 10, 1929; that during the month of October, 1928, the insured became totally and permanently disabled through the loss of sight in both eyes; that in the month of December, 1928, McTaggart, general agent for the Insurance Company, at Denver, Colorado, informed insured that the policy did not cover his loss of eyesight; that during the month of March, 1935, insured was informed that the policy covered his loss of eyesight; that thereupon he demanded blank forms of proof of loss from the Insurance Company and duly executed and delivered such proofs of loss to the Insurance Company on or about April 5, 1935; that on or about May 17, 1935, the Insurance Company denied all liability and refused to grant any disability benefits on the sole ground that insured's disability, if any, did not occur while the policy was in full force and effect.

They further alleged that the life expectancy of insured when the contract was breached was 29.65 years as determined by standard mortality tables; that the vision of insured cannot be improved; that he is totally and permanently disabled and will be during the remainder of his life.

They prayed for judgment for monthly installments of $100 per month for 29.65 years and for the $10,000 death benefit, with interest, and for $10,000 exemplary damages.

Insured brought a former action for reinstatement of the policy and for the specific performance of the disability provisions thereof. See Viles v. Prudential Ins. Co. of America, 10 Cir., 96 F.2d 3; Id., 10 Cir., 107 F.2d 696, certiorari denied 308 U.S. 626, 60 S.Ct. 387, 84 L.Ed. 523. In its answer in the instant case the Insurance Company set up the pleadings, findings of fact,[4] conclusions of law, and decree in the former action. The decree denied the insured relief on the merits.

The Insurance Company also filed a motion to strike the beneficiary as a party plaintiff on the ground that she was neither a necessary nor a proper party to the action and that the complaint stated no claim for relief in favor of the beneficiary.

The trial court sustained the motion to strike and entered judgment dismissing the action. The insured and beneficiary have appealed.

█ Where an insurer wrongfully cancels, repudiates, or terminates a contract of insurance, the insured may at once pursue either of three courses. (1) he may elect to consider the policy at an end and recover the just value of the policy, or such measure of damages as a court in the particular jurisdiction approves, (2) he may institute proceedings in equity to have the policy adjudged to be in force, or (3) he may tender the premiums and if acceptance is refused, wait until the policy by its terms becomes payable and test the forfeiture in a proper action on the policy.[5]

---

[4] In the former action, the trial court found

"5. That said plaintiff did not prior to January 10th, 1929, nor at any time subsequent to June 10th, 1927, nor at any time while the said policy of insurance was in force, become totally and permanently disabled, either physically or mentally, from any cause whatsoever to such an extent that he was rendered wholly or continuously or permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value and did not become totally and permanently disabled within the meaning and provisions of said policy while the same was in force."

"7. That no claim or notice or proof of plaintiff's claimed disability was furnished to the defendant until on or about April 5th, 1935, and that no conversation occurred between plaintiff and defendant's

General Agent in December, 1928, or January, 1929, as alleged in paragraph numbered 9 of plaintiff's amended complaint or otherwise or at all.

"8. That plaintiff's suit was not brought until November 25th, 1936, being more than eight years after his claimed disability arose.

"9. That plaintiff's delay in making and furnishing proof of his alleged disability until March or April, 1935, was unreasonable under the facts and circumstances shown by the evidence and was without sufficient or any reason or excuse, and plaintiff did not comply with the provisions of said insurance policy relative to the filing of proof of disability within a reasonable time."

[5] Gaskill v. Pittsburgh Life & Trust Co., 261 Pa. 546, 104 A. 775, 776;

O'Neill v. Supreme Council American

■ Under the law of Colorado, the beneficiary has a vested right,[6] where the policy reserves in the insured the unqualified right to change the beneficiary, but, it is in the nature of a mere expectancy and does not become absolute and indefeasible until the death of the insured.

■ Here, the right of the beneficiary was contingent both upon the insured predeceasing her and the insured not exercising the reserved right to change the beneficiary. Such a right in the beneficiary is too shadowy and uncertain to form the basis of action for damages for breach of contract. It is a mere expectancy, of an unascertainable money value.[7]

The right to recover the present worth of the disability benefits for wrongful repudiation of the contract on the theory of anticipatory breach was clearly in the insured. Likewise, the right to recover the present value of the policy for wrongful repudiation thereof on the theory of anticipatory breach, for the reasons we have indicated, was in the insured. It follows that the trial court rightfully sustained the motion to strike the beneficiary as a party plaintiff.

■ In Henderson v. United States Radiator Corporation, 10 Cir., 78 F.2d 674, 675, certiorari denied 296 U.S. 635, 56 S.Ct. 157, 80 L.Ed. 452, this court said:

"The doctrine of res judicata embodies two main rules which may be stated as follows:

"(1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action or suit upon the same cause of action either before the same or any other tribunal.

"(2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.

"The principle of the first rule is referred to as 'bar by former judgment,' and the second as 'conclusiveness of judgment.' * * *

---

Legion of Honor, 70 N.J.L. 410, 57 A. 463, 1 Ann.Cas. 422;

American Trust Co. v. Life Ins. Co. of Virginia, 173 N.C. 558, 92 S.E. 706, 711;

Speer v. Phœnix Mutual Life Ins. Co., 36 Hun, N.Y. 322, 324;

Supreme Lodge Knights of Pythias v. Neeley, Tex.Civ.App., 135 S.W. 1046, 1048;

Washington Life Ins. Co. v. Lovejoy, Tex.Civ.App., 149 S.W. 398, 403, 404;

Michaelsen v. Security Mut. Life Ins. Co., 3 Cir., 154 F. 356, 357, 12 Ann.Cas. 37;

Shuler v. Equitable Life Assur. Society, 184 S.C. 485, 193 S.E. 46, 48;

Pacific Mutual Life Ins. Co. v. Rhame, D.C.S.C., 32 F.Supp. 59, 62;

Metropolitan Life Ins. Co. v. McCormick, 19 Ind.App. 49, 49 N.E. 44, 46, 65 Am.St.Rep. 392;

Wollman v. Brotherhood of American Yeomen, 231 Mo.App. 36, 95 S.W.2d 645, 647;

Note, 48 A.L.R. p. 107;

Note, 107 A.L.R. p. 1233.

[6] Cannon v. Nicholas, 10 Cir., 80 F.2d 934, 938;

Hill v. Capitol Life Ins. Co., 91 Colo. 300, 14 P.2d 1006, 1007.

[7] Slocum v. Northwestern National Life Ins. Co., 135 Wis. 288, 115 N.W. 796,

797, 798, 14 L.R.A.,N.S., 1110, 128 Am. St.Rep. 1028;

Shuler v. Equitable Life Assur. Society, 184 S.C. 485, 193 S.E. 46, 48;

Prichard v. Security Mutual Life Ins. Co., 140 App.Div. 879, 124 N.Y.S. 650, 652;

Mutual Relief Ass'n v. Ray, 173 Ark. 9, 292 S.W. 396, 401;

Armstrong v. Illinois Bankers Life Ass'n, Ind.App., 25 N.E.2d 1005, 1008;

Knights Templar & Masons' Life Ind. Co. v. Gravett, 49 Ill.App. 252, 255.

In the case last cited, the husband, the insured, and his wife, the beneficiary, joined in an action to recover damages against an insurance company for an alleged fraudulent declaration of forfeiture of a policy. The court held that the wife could not recover and that she was improperly joined. Cf. Merrick v. Northwestern Nat. Life Ins. Co., 124 Wis. 221, 102 N.W. 593, 109 Am.St.Rep. 931;

Smith v. Charter Oak Life Ins. Co., 64 Mo. 330;

Hancock v. New York Life Ins. Co., 11 Fed.Cas. p. 402, No. 6,011.

See, also, De Ford v. New York Life Ins. Co., 75 Colo. 146, 224 P. 1049, 1050; Stray v. Western States Life Ins. Co., 163 Wash. 329, 300 P. 1046, 75 A.L.R. 950.

"To constitute an estoppel under the doctrine of res judicata, the action in which the judgment was rendered and in which it is asserted as an estoppel, must be between the same parties or their privies."

█ The insured contends that the court in the former action was without jurisdiction in equity for the reason that he had an adequate remedy at law. In that action, there was the requisite diversity of citizenship and the amount in controversy, exclusive of interest and costs, was in excess of $3,000. Clearly, the court had jurisdiction over the subject matter of the action and of the parties. Want of equity jurisdiction because the plaintiff has an adequate remedy at law goes not to the power of the court as a federal court, but to the merits, and may be waived.[8]

█ The want of equity jurisdiction, if obvious, may and should be noticed by the court of its own motion. If not obvious, this jurisdictional requirement may be treated as waived if the objection is not presented by the defendant in limine.[9]

█ In view of the election of remedies accorded the insured under the authorities cited in Note 5, we cannot say that the existence of an adequate remedy at law was obvious. The Insurance Company in the former action did not challenge the equity jurisdiction on the ground of the existence of an adequate remedy at law. Under the circumstances, it must be held that the objection was waived. Furthermore, assuming, but not deciding, that the court should have of its own motion held that there was an adequate remedy at law and, therefore, no jurisdiction in equity, its failure so to do would be mere error which would not prevent the former judgment from concluding the insured under the doctrine of res judicata.

█ The findings of fact in the former action set forth in Note 4 bind the insured and clearly preclude him from any relief in this action.

█ Moreover, he elected to pursue his remedy in equity and failed and he may not now pursue his alternative remedy at law.

The judgment is affirmed.

---

[8] Twist v. Prairie Oil & Gas Co., 274 U.S. 684, 691, 47 S.Ct. 755, 71 L.Ed. 1297;

Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447;

Lyons Milling Co. v. Goffe & Carkener, 10 Cir., 46 F.2d 241, 245, 83 A.L.R. 501;

United States v. Getzelman, 10 Cir., 89 F.2d 531, 534, certiorari denied, 302 U.S. 708, 58 S.Ct. 27, 82 L.Ed. 547;

Stewart v. American Life Ins. Co., dissenting opinion, 10 Cir., 85 F.2d 791, 798;

Greaney v. Deitrick, 1 Cir., 103 F.2d 83, 91;

Otoe County Nat. Bank v. Delany, 8 Cir., 88 F.2d 238, 244.

[9] Twist v. Prairie Oil & Gas Co., 274 U.S. 684, 690, 47 S.Ct. 755, 71 L.Ed. 1297;

Duignan v. United States, 274 U.S. 195, 199, 47 S.Ct. 566, 71 L.Ed. 996;

Matthews v. Rodgers, 284 U.S. 521, 528, 529, 52 S.Ct. 217, 76 L.Ed. 447.