McKEE, Plaintiff in Error, v. THE PHŒNIX INSURANCE COM-
PANY, Defendant in Error.

1. Should an insurance company wrongfully refuse to receive premiums due on a life policy, the assured may treat the policy at an end, and may recover back all the premiums paid under it.
2. Where the life of a husband is insured for the benefit of the wife, the policy is not necessarily determined by the wife's obtaining a divorce from the husband; she may still have, it seems, an insurable interest in the life of the divorced husband that will support the policy.

28 383
55a 195
28 383
64a 6
64a 12
28 383
85a 307

*Error to St. Louis Court of Common Pleas.*

Demurrer to a petition. The petition is as follows: " Plaintiff states that the defendant is indebted to her in the sum of $548 for money had and received to and for the use of said plaintiff, as by the following account will appear;

[here follows an account of cash payments commencing May 12, 1849, and ending November 12, 1855, amounting to $548;] all of which will also appear by reference to the endorsements on a certain policy of insurance which will be herewith filed. Also in the sum of $1,452 for damages on account of a breach of contract by the said defendant, the particulars of which are as follows: On the 12th day of May, 1849, plaintiff was the wife of Hiram McKee, by whom she had four children, then and now living. She determined, with her own means procured by her own labor and economy, to avail herself of the benefits held out by the defendant, and insured the life of her husband. A contract was made with said defendant to that effect on the terms and conditions contained in the policy aforesaid. Afterwards her husband went to California, whereby she was required by said defendant to pay an additional sum of fifty dollars, which she paid as shown by exhibit B., which will be herewith filed, and which is included in the foregoing account. Afterwards, on account of her husband remaining in California and abandoning her, she applied for and obtained a divorce, to-wit, in the month of October, 1854, and after said time continued to pay the semi-annual instalments required by said policy, which the defendant continued to receive till the 12th day of May, 1856, at which time plaintiff offered to pay said instalment then due, being thirty-five dollars and fifty cents, and tendered the same within the time required by said policy, which they refused to receive; and have thereby in other respects broken their aforesaid contract with the plaintiff. Whereby the plaintiff is entitled to recover said damages so as aforesaid claimed. Plaintiff prays judgment for said sum of $548 and interest, and for said damages of $1,452."

By the policy of insurance filed with the petition the Phœnix Insurance Company assured "the life of Hiram McKee, of the city of St. Louis, in the county of St. Louis, state of Missouri, for the sole use of the said Nancy Pettit McKee, in the amount of two thousand dollars, for the term of his natural life."

The defendant demurred to this petition on the ground, first, that when the plaintiff was divorced from her husband, she had no further interest in his life, and could not recover on the policy in the event of his death, and second, that the payments mentioned in the petition were voluntarily made.

The court sustained this demurrer.

*Morehead*, for plaintiff in error.

I. Plaintiff had an insurable interest. She is a creditor. She has children. She supports them. The husband is liable for that support. He is liable for the costs of the divorce. The children also have an interest in his life, and this policy was for the benefit of wife and children. The receipt of premiums after the divorce was a waiver, and a sanction of the fact that she had an interest, even if the divorce rendered the policy void for want of interest. If it should be said they had no knowledge of the divorce, we answer, that was a matter of proof. The policy did not provide for a forfeiture in case of a divorce. The policy was good and valid. The defendant having refused to receive premiums and having committed a breach of the policy, the plaintiff may recover back the premiums paid.

*S. T. & A. D. Glover*, for defendant in error.

I. There is no breach alleged of any contract set forth in the petition. That defendant would not receive the premiums is no breach. While the life of the husband continues no action lies on the policy. The husband is not shown to be dead. When the wife was divorced from her husband, her interest in the subject insured ceased. The policy became null, and all payments made became forfeit to the insurers. (Ang. on Life Ins. 296, 323.) The demurrer was properly sustained.

SCOTT, Judge, delivered the opinion of the court.

On what ground did the company claim to hold the premiums paid after the divorce, even admitting that the divorce

determines the contract? Will they pretend to hold them on the ground that they were ignorant of the fact that a divorce had been obtained? If they were ignorant of the fact, would that entitle them against all conscience to retain this unfortunate woman's money? The clause in the contract, that " in every case where this policy shall cease or become null or void, all previous payments made thereon shall be forfeited to the said company," had nothing to do with these payments; nor do we presume it will have any application where the policy ceases by the wrongful act of the company.

If the defendant (the company) wrongfully determined the contract by refusing to receive a premium when it was due, then the plaintiff had a right to treat the policy as at an end and to recover all the money she had paid under it.

We will not undertake to say, from the pleadings in the cause, as they appear to us, that the wife, by suing for and obtaining a divorce from her husband, ceased to have such an interest in his life as would render an assurance of it by her illegal. There seems to be a difference of opinion among jurists as to the legality of life insurances, where the party insuring has no interest whatever depending on the life of the person insured. (Philips on Ins. p. 131; Angel on Fire and Life Insurance, 307.) There is nothing in the contract as stated in the petition, which shows it to be a wagering one or in anywise contrary to public policy. We see no danger to the interests of the community in sanctioning this policy. Why should not a mother, who has four children by a man from whom she has been divorced, be permitted to insure the life of that father to whom her children may look for support? If the care and custody of the children have by the decree of a divorce been entrusted to the mother, that will not extinguish the obligation of the father to provide for them. It is nevertheless his duty, though divorced and the care of the children taken from him, to support them. That natural obligation, by his own act, can not be impaired or destroyed.

There may be a provision decreed the wife for her support to be paid by the husband. This would in effect make her the creditor of her husband, and, being so, she would, without controversy, have a right to insure his life.

The question of the measure of damages for a breach of the contract to insure the life of the husband, he being still alive, has not been argued and we express no opinion in relation to it. Certainly the mere return of the premiums with interest would not be the standard in all cases. In many it would be very unjust, especially after the policy had continued for years and the period of existence had consequently been shortened. If the person whose life is insured, though alive, should be laboring under a disease that must speedily result in his dissolution, the insurer would not be permitted to escape the payment of the amount for which the life was assured, by putting an end to the contract of insurance. Reversed and remanded; Judge Napton concurring. Judge Richardson not sitting.