McCALL *v.* The Phœnix Mutual Life Insurance Company.

July 21, 1876.

1876.
June Term.

1. A life insurance company is chargeable with knowledge of all the facts stated by the applicant for insurance to the agent, as to the time of his birth, and he having truly stated to the agent the time of his birth, cannot be held to have made a misstatement towards the insurer, although the written application as drawn up by the agent, does not correspond with the verbal statement.

2. When a life insurance company wrongfully determines the contract of insurance, by refusing to receive a premium, due at the end of the first year, for the second year, and lapses the policy issued, the insured in the company so doing, has the right to treat the policy as at an end, and to recover all the money he has paid under it.

*Supersedeas* to a judgment of the municipal court of Wheeling, granted on the petition of the defendant below, to a judgment of said court, rendered on the twenty-third day of February, 1876, in a suit therein pending, wherein Thomas McCall was plaintiff, and the Phœnix Mutual Life Insurance Company, defendant.

The opinion of Haymond, President, contains a full statement of the case.

The Hon. Gibson L. Cranmer, judge of said municipal court, presided at the trial below.

*Taylor & Barr* for the plaintiff in error.

*John E. McKennan* for the defendant in error.

1876.
June Term.

McCall
Phœnix M. L. I.
v.
Co.

HAYMOND, PRESIDENT:

This is an action of trespass in the case in assumpsit, brought in the municipal court of Wheeling, by the plaintiff, against the defendant, to recover $495.85, money paid to defendant, by plaintiff, as first premium on policy No. 78,355, on the life of plaintiff. After the suit was brought, and on the 20th day of November, 1875, the defendant appeared to the action, and plead non assumpsit, on which plea, issue was regularly joined. Afterwards, a trial by jury was had in the cause, on the issue joined, and the jury found a verdict in favor of the plaintiff, for $564.12, damages. Whereupon, the defendant, by its attorney, moved the court to set aside the verdict, and grant a new trial, but the court, afterwards, overruled said motion, and rendered judgment against the defendant, upon the verdict of the jury, with interest, and also for costs. To the opinion of the court, in refusing a new trial, the defendant excepted, and filed his bill of exceptions, which was duly signed.

It appears from the bill of exceptions, that the application of the plaintiff was signed by him, in blank, in the presence of B. E. Tift, and that it is dated the fourteenth day of October, 1873. The amount of insurance was $5,000, and the policy was dated, October 17, 1873. The term of insurance was for life. It further appears, that the application was written by B. E. Tift, the general agent of defendant, in West Virginia, and Eastern Ohio; that, at the date of the application, and before it was written, the plaintiff told said agent Tift, that he called himself sixty-five years old the tenth day of the preceding July; but was not sure that he was correct, and then stated to Tift, that he was born on the tenth day of July, 1807, and that he, Tift, could calculate the age for himself; that, the plaintiff stated to said agent, at that time, that he had been telling his neighbors, during the past summer, that he was sixty-five years old in July, but that he was born in 1807; that, it is a rule

·of the defendant's company to insure no one who is over sixty-five years old; but will insure them as for sixty-five if they are not sixty-five, and six months, or more, old, when they make the application to be insured; that this rule was made known to the plaintiff, at the time he made his said application; that the application was forwarded to the defendant, at its home office, in Hartford, ·Connecticut, and that it there made a policy of insurance ·on the life of the plaintiff; that said policy was, within a few days from its date, delivered to the plaintiff; that the plaintiff paid the premium on said policy, for one year, amounting to $495.85; that, in February, 1874, the plaintiff, through a conversation with the agent of another life insurance company, and a calculation of his age, declared that he was over sixty-six years old when he made the application for the said insurance; that, immediately afterwards, the plaintiff wrote to the home ·office of the defendant for a copy of his said application, and about the first of March, 1874, received a copy of his said application, hereinbefore referred to; that the plaintiff did not then notify the company, or any of its agents, of a mistake in said application, or any change in it, nor of the fact that he was over sixty-six years of age at the date of said application; that the plaintiff was in the city of Wheeling, frequently, during the following spring, and summer, and in the office of the agent, Tift, in said city; and, in conversation with him, several times, during that time; that, in November, 1873, the plaintiff came to the office of the agent, Tift, in the ·city of Wheeling, and, then and there, stated to one J. M. Todd, another agent of said company, and known to be so by the plaintiff, that he was sixty-five years old in the preceding July, and then talked about how long he had, until he would be too old to get more insurance in the defendant's company; that no other application was then made for other insurance; that nothing was said to any agent of the defendant, about the mistake in the application, until the sixteenth day of October,

1874, when plaintiff came to Tift's office, for the purpose of paying, or making arrangements for a credit on, his second year's premium on said policy; he (plaintiff) then stated there was a mistake in the application; that, after discussing the matter, Tift advised him to write a letter to the home office, and a letter was written by Tift, which the plaintiff refused to sign; and it was then destroyed, and another one written by Tift, which was read over, and signed by the plaintiff, which letter is in the words, and figures, following, to wit:

"E. FESSENDEN, *President;* J. F. BURNS, *Secretary,* AGENCY OF PHŒNIX MUTUAL LIFE INSURANCE COMPANY, OF HARTFORD, CONNECTICUT, ASSETTS OVER $9,000,000.

B. E. TIFT, *General Agent, Wheeling, West Virginia.*

WHEELING, W. VA., October 16, 1874.

J. F. BURNS, Esq., Secretary of Phœnix Life Insurance Company, of Hartford, Connecticut:

DEAR SIR:—At the time of making my application in your Company, (Pol. No. 78,355) I made a mistake in my age. I gave my age at 65, which would make me born in 1808. Last March I insured my life in Continental Life, of Hartford, Conn. I found, by referring to my family record, at that time, I was born 1807, July 10 which would make me 66 at the time I insured in your company. I wish to make the correction. Please change my application to read born, July 10, 1807, and charge me the extra premium, and oblige. I return your policy and renewal.

(Signed)   THOMAS McCALL."

It further appears, that the agents, Tift and Todd, expressed their opinion that they thought the Company ought to, and likely would, continue to carry the risk, or refund the premium; that the plaintiff then delivered up his policy to the agent, Tift, for the purpose of having the mistake corrected, and paid him $100 on the second year's premiums on the policy, Tift receiving

it on condition that the Company would continue the risk; that the Company has since then refused to return the policy to the plaintiff, or repay him the premium paid on it, for the first year, but has repaid to him the $100, received by Tift, on the second year's premium.

It further appears, that the year of the birth, in the application, has evidence of alteration. It appears to have been originally, written "1807," and a figure eight has been written over the seven, almost concealing it from the naked eye, but it can be seen distinctly through a magnifying glass; the figures "1808" were written immediately under this; that the application was filled up in Morristown, Ohio, but was signed by the agent, Tift, at his office, in Wheeling. The alterations of the "seven," and the figures, "1808," under it, were made by the agent, Tift, and appears to have been made with the same ink with which he signed his name, which is a different ink from that with which the application was filled up. On the margin of the application, the following figures appear, in Tift's handwriting, and admitted by him to have been made at the time the application was filled up: 73

07
——
66

It further appears, that the following letters, were received, by the agent, Tift, from the secretary of his Company, in relation to this insurance of the plaintiff, and were given in evidence by the defendant:

"E. FESSENDEN, *President*, J. F. BURNS, *Secretary*, Phœnix Mutual Life Insurance Company, of Hartford, Conn.

*B. E. Tift, Esq., Agent, Wheeling, W. Va.*:

DEAR SIR:—For applications received with yours of 16th inst., inclosed, please find policies, stated below. Yours, truly,                    J. F. BURNS, *Secretary*.

No. 85,193, John C. Holmes, $1,000, $20.82.

No. 78,355, Thomas McCall, received. This party ad-

mits his age to have been 66 at the time of the issue of policy, which is above our limit. . We have no rate for parties over 65. We have carried the risk one year at that age, but do not wish to continue it. We withhold policy and renewal for '74, and have lapsed the policy on our books. Doctor Burrows advised such action."

"E. FESSENDEN, *President,* J. F. BURNS, *Secretary*
OFFICE PHŒNIX MUTUAL LIFE INSURANCE COM-
PANY OF HARTFORD, CONN. :

*B. E. Tift, Esq., Wheeling, West Va. :*

DEAR SIR—Your favor of Oct. 24 is received. We must have a limit beyond which we will not insure, and age 65 is abundantly high; in fact risks on these old ages are not very desirable. Beyond that age we cannot go. Yours, truly,
J. M. HOLCOMBS, Ass't Sec'y.

The foregoing is substantially all the evidence or facts proved in the cause before the jury, as appears by the said bill of exceptions.

The case has been brought before us by *supersedeas*, and the only question for us to determine is, did the court err in refusing to grant the defendant a new trial? Without entering into a full analysis of the facts or evidence in this cause, it seems to me, on examination of the same, that the jury might well have inferred, from the facts and evidence, that the plaintiff made no substantial mistake in giving his age to the agent, Tift, at the time he signed the application. True, he said to Tift that he was 65 years old, but he then and there told him, he was born the tenth of July, 1807, and that he could, from that, ascertain his age. And it is clear that the agent, Tift, did, at the time plaintiff signed the application, understand that plaintiff was born the tenth of July, 1807; at least, the jury were justified in so considering. It further appears that, after said agent, Tift, had inserted in the application 1807 as the year of plaintiff's birth, he changed it to 1808, and I think it

otherwise sufficiently appears that said agent, Tift, knew, when he inserted the age in the application of plaintiff at 65 years, that he was, in fact, 66 years old ; at least, the jury was justified in so considering. The insertion of the birth of plaintiff in said policy, by said agent, Tift, as being in the year 1808, was evidently done without authority from the plaintiff, and without his knowledge or consent. It was done by said agent for some purpose. It was certainly the *fault*, or negligence, of said agent; but it does not appear to me, from the evidence, that it was a mere innocent mistake. An insurance agent, acting within the scope of his authority, binds his principal in making the survey and filling up the application ; and if the applicant truly represents the facts, and, by the fault or negligence of the agent, the application contains a material misstatement, the company are estopped to take advantage of it. Flanders on Fire Insurance, 180-181 ; *Simmons v. Insurance Company*, 8 W. Va. 474, and cases there cited : "Knowledge by the agent, with whom the agreement to insure is made, and who takes and fills out the application, of the existence of incumbrances upon the title, or of prior insurance, is knowledge on the part of the insurer. He is chargeable with knowledge of all the facts stated by the applicant for insurance to the agent; and he, having truly stated to the agent the real condition of the property, cannot be held to have made any misstatement, or practiced any concealment, towards the insurer, although the written application, as drawn up by the agent, does not correspond with the verbal statement made by the assured to to the agent." Flanders on Fire Insurance, 303-4 ; *Simmons v. Insurance Company, Supra.* So it seems to me, upon principle and authority, that a life insurance company is chargeable with knowledge of all the facts stated by the applicant for insurance to the agent as to the time of his birth ; and he, having truly. stated to the agent the time of his birth, cannot be held to have made a misstatement towards the insurer, although the written

application, as drawn up by the agent, does not corre- spond with the verbal statement made by the assured to the agent. Under this view, the policy, under the cir- cumstances, was binding upon the defendant.

The agents of the company, at the end of the year, when plaintiff desired a renewal, and paid to the agent his money therefor for the next year, obtained from the plaintiff his policy, by expressing to him their opinion that the defendant ought to, and, likely, would, contine to carry the risk or refund the premium. And when de- fendant thus, through its agents, procured said policy, it refused to further carry the risk, and retained the policy from plaintiff, and lapsed it on its books, and refused to return the premium paid. This conduct on the part of the defendant, it seems to me, was wrongful and unjust. The company, it seems to me, under the circumstances of this case, should have received the premium tendered by the plaintiff, at the end of the first year, and if it de- clined to do this, certainly it ought to have returned the premium paid for the first year. In *McKee v. Phœnix Insurance Company*, 28 Mo. 383, it was *held* that " should an insurance company wrongfully refuse to receive prem- iums due on a life policy, the assured may treat the policy as at an end, and may recover back the premiums paid under it." I would remark here that defendant failed to give the policy in evidence, and I, therefore cannot determine what powers the company had, under its provisions, as to lapsing or annulling the policy. This policy was in the possession of the defendant, and if it desired the benefit of any of its provisions authorizing the lapsing or annulling of the policy, it should have produced it.

Upon the whole, it seems to me that the defendant wrongfully determined the contract of insurance, by refus- ing to receive a premium when it was due, at the end of the first year, for the second year, and lapsed the policy is- sued, and that upon the defendant so doing the plaintiff had the right to treat the policy as at an end, and to re-

·cover all the money he had paid under it. Courts are not ordinarily authorized to set aside the verdict of a jury, except where it is clearly against the law and evidence. And I confess that I am unable to ascertain or ·determine that the verdict of the jury in this case is ·clearly contrary to the law and evidence.

For these reasons the judgment of the municipal court ·of Wheeling, rendered in this cause, must be affirmed, with costs and damages to defendant in error, according to law.

The other Judges, concurred.

JUDGMENT AFFIRMED.