LIFE & CASULTY INS. CO. OF TENNESSEE *v.* BABER.

(*Nashville*, December Term, 1934.)

Opinion filed February 23, 1935.

See, also, 166 Tenn., 10, 57 S. W. (2d), 791.

MOREAU P. ESTES, of Nashville, for plaintiff in error.

C. H. Rutherford and C. H. Rutherford, Jr., both of Nashville, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This case was tried upon the following stipulation of facts:

"In this cause it is agreed that the Life & Casualty Insurance Company of Tenessee issued in 1916 to Virginia Baber on her life its policy No. 123707. The said Virginia Baber continued to pay the premiums on said policy up to and including 1930 when the defendant company refused to accept further premiums from her on it at a time when she was not in default and when she was legally entitled to pay said premiums and when it was legally required to accept them. The amount of premiums paid by her on the policy during the above time was $169.00."

The contest is limited to the single question as to the measure of damages for the admitted breach of the contract here involved.

For the insured counsel insist that she is entitled to recover the premiums paid, with interest on each premium from the date of payment, and the suit is predicated upon this theory.

Counsel for the company contends that the recovery should be limited to the "value of the policy" at the date the contract was breached. Upon this question the authorities are in irreconcilable conflict. 48 A. L. R., 110.

The trial court entered judgment in favor of defendant in error for premiums paid in the sum of $169, together with interest from the date of breach in the sum of $20. The question of interest is not involved upon this appeal.

In Couch on Insurance, sec. 1870, it is said: "Under the rule, which is sometimes spoken of as the majority rule, the insured may recover as, damages the amount of premiums paid, or premiums and interest, where there has been a wrongful repudiation of the contract by the insurer, and the insured has elected to rescind the contract rather than to have it enforced."

In 19 Am. & Eng. Encyc. of Law (2 Ed.), 98, 99, the rule is thus stated:

"One holding a policy in a company which wrongfully revokes the policy, may elect whether to enforce the contract or treat it as rescinded and recover for the breach, and if he takes the latter course it has been held that he may recover back the full amount of the premiums paid thereon, with interest."

In 32 C. J., 1265, it is said:

"On wrongful cancellation or repudiation of the policy by the company, insured or his beneficiary, as the case may be, may in many jurisdictions recover as damages for the breach of contract all the premiums paid with interest thereon from the time or times of payment, subject to a deduction for cash benefits received from the company before the breach. This rule as to measure of damages is not, however, of uniform application and it has been denied."

As to the basis of the rule, the Supreme Court of Georgia, in *Alabama Gold Life Insurance Co.* v. *Garmany*, 74 Ga., 51, 58, 59, said: "It rests upon the well established principle that a party to an entire contract, who has partly performed it, and thereupon subsequently abandons its further performance according to its stipulations, voluntarily and without fault upon the part of the other party, or his consent thereto, can recover nothing for such part performance."

■ In the absence of qualifying provisions, a policy of life insurance is an entire contract. 37 C. J., 411; *Knickerbocker Life Ins. Co.* v. *Heidel,* 8 Lea (76 Tenn.) 488.

In 13 C. J., 693, it is said:

"In accordance with the rules already stated concerning strict and substantial performance, by the great weight of authority there can be no recovery on an entire contract for a part performance thereof, and the courts will not attempt to split up such contracts and apportion the consideration to the part performed. Likewise a partial or defective performance of a condition precedent is generally not sufficient. However, in such cases, where the part performance has been beneficial to the other party and he has accepted and retained the benefits thereof, the party partially performing is entitled to recover either the reasonable value of such performance or the contract price *pro tanto,* subject to the reciprocal right of the other party to recoup such damages as he has suffered from failure of plaintiff to fully perform, or to recover such damages in a separate action."

It is in the application of the rule just stated that the courts differ; those supporting the rule invoked by the company taking the position that the company has partly performed its contract in protecting the insured during the period that the contract was in force, while the other authorities contend that the company has not performed its contract in part and the insured has derived no benefit from it.

■ After duly considering these opposing views, we have decided to adopt the majority rule. The purpose of the contract was to insure to the beneficiary the pay-

ment of the face value of the policy upon the death of the insured. That was the sole obligation assumed by the company. It was to do nothing until the death of insured, and, in fact, the insured had received no benefit when the company terminated the contract. The company, in effect, agreed that, upon the payment of specified premiums, it would upon the death of the insured pay to the named beneficiary the face value of the policy, but before the time of performance on its part had arrived it notified the insured that it would repudiate the contract and not comply therewith. The insured responded by stating that she was willing to rescind the contract, but that the company must return the money which she had paid to it upon its sole promise to pay the face value of the policy at her death, which it now says it will not do. The cases approving the majority rule are too numerous to be incorporated in this opinion, but we will quote from two or three decisions, in order that the reasons given by the courts for their conclusions may be understood.

The case most often cited is that of *American Life Insurance Co.* v. *McAden,* 109 Pa., 399, 1 A., 256, 258 (approved by the Supreme Court of Pennsylvania as late as 1918 in *Gaskill* v. *Pittsburgh Life & Trust Co.*, 261 Pa., 546, 104 A., 775), in which it was said:

"In the case at bar the rights of the parties under the contract of insurance had attached, but the plaintiffs had never received any actual benefit from it. They may, in some sense, perhaps, be said to have enjoyed the protection which the policy afforded in the event of the husband's death; but as that event did not occur, the policy had as yet been of no appreciable actual advantage to the plaintiff, and no real disadvantage to the defendant. The parties, for anything that appears, upon the plain-

tiffs' recovery are placed precisely in the same situation they were in before the contract was made; for, although the company carried the risk, and the plaintiff Mary F. McAden, at all times during the continuance of the contract upon the happening of the event provided against was entitled to the indemnity it secured, yet the company has paid nothing and the plaintiffs have received nothing. As in the case of any other contract, the parties were each entitled during its continuance, according to its terms. The policy when made was admittedly valid; the premiums which were paid were voluntarily paid upon that policy; the risk had been running for 10 years; the obligations of the contract were long since in force on both sides; and it is clear that the plaintiffs could not, on their own mere motion, rescind it so as to recover back the premiums paid. But if, after receiving these several premiums, the company, without right, refuses to receive further premiums as they mature, deny their obligation, and declare the contract at an end, the plaintiff, we think, may take the defendants at their word, treat the contract as recinded, and recover back the premiums paid as so much money had and received for their use."

The Supreme Court of Ohio, in *Union Central Life Insurance Co.* v. *Pottker,* 33 Ohio St., 459, 31 Am. Rep., 555, 559, 560, said:

"Plaintiffs below asked in their petition that, as a result of the rescission, they should be allowed to recover back the premiums paid, with interest thereon from the times of payment. This measure of redress was granted them by the judgment of the court below, and the question arises whether the court erred in so doing.

"In *McKee* v. *Phoenix Life Ins. Co.,* 28 Mo., 383 (75 Am. Dec., 129), it was held that where the defendant,

the insurance company, had wrongfully determined the contract by refusing to receive a premium when due, the party insured had a right to recover all the money which had been paid under it. (To same effect, *McCall* v. *Phoenix Mut. Life Ins. Co.* (9 W. Va., 237), 27 Am. Rep., 558.)

"And in *Helme* v. *Phila. Life Ins. Co.* (61 Pa., 107, 100 Am. Dec., 621), already referred to, which was an action of the same kind, no doubt seems to have been entertained by the Supreme Court of Pennsylvania of the right of the insured to recover back the premiums paid, if the company wrongfully refuses to receive a premium when duly tendered. And upon principle how stands the case? The plaintiff in error, by an act willfully wrongful, has declared its liability as an insurer terminated by a forfeiture of the policy, and refuses any longer to carry the risk assumed by the terms of its contract. And this it does before any loss has arisen to itself, or any benefit has been derived from the risk to the insured. The partial performance of the contract has been wholly on the part of the insured, and has consisted only in the payment of premiums. They have, so far, received nothing of value from the company which it might be against equity or good conscience to retain. They are in no better condition than they would be if no policy had been issued. If the company receives no compensation for the risk which it carried for several years, this result is attributable only to its own willful default. It cannot equitably be allowed to retain any part of the premiums received, whilst it wrongfully deprives the insured of all benefits which might hereafter arise to them from their payment. In regard to the compensation to which the insurer might equitably be entitled in a case

where the risk is terminated without fault on his part, we think it unnecessary, for the purposes of this case, to inquire. We are of opinion that defendants in error were entitled to the relief which they asked and obtained in the court below.''

The United States Circuit Court, in *Black* v. *Supreme Council American Legion of Honor,* 120 F., 580, 583, 584, used this language:

''I do not doubt that if a contract has been in part performed, the plaintiff, having received some substantial benefit therefrom, and if, upon a verdict in his favor, the parties cannot be placed *in statu quo,* such an action as this is not maintainable. But this rule is not applicable to the present case. The rights of the parties under the contract had attached, but the plaintiff had never received any actual benefit from it. He may, in some sense, perhaps, be said to have enjoyed the protection which it afforded in the event of his death; but, as that event did not occur, it had as yet been of no appreciable actual advantage to him, and no real disadvantage to the defendant. The parties, for anything that appears, upon the plaintiff's recovery are placed precisely in the same situation that they were in before the contract was made; for, although the company carried the risk, and the plaintiff's wife, at all times during the continuance of the contract, upon the happening of the event provided against, was entitled to the indemnity it secured, yet the company has paid nothing and the plaintiff has received nothing. As in the case of any other contract, the parties were each entitled, during its continuance, according to its terms. *American Life Insurance Co.* v. *McAden, supra; Marshall* v. *Fire Insurance Co.,* 176 Pa., 628, 35 A., 204, 34 L. R. A., 159; *Kerns* v. *Prudential Insurance Co.,* 11

Pa. Super., 209. Careful examination of the judgments of the Supreme Court of the United States in *N. Y. Life Insurance Co.* v. *Statham*, 93 U. S., 24, 23 L. Ed., 789, and in *Lovell* v. *St. Louis Mutual Life Insurance Co.*, 111 U. S., 264, 4 S. Ct., 390, 28 L. Ed., 423, has satisfied me that they are not in conflict with the decisions of the Pennsylvania courts above referred to. Both of these cases were founded upon ordinary policies of life insurance. In the first the policies had lapsed by reason of our Civil War having prevented the payment of premiums, and it was held that the insured were not entitled to have them revived, after the termination of the war, upon paying the premiums which had accrued during its continuance, but only to the value of the policies at the time at which they had, without fault on their part failed to comply with their conditions. In the second case the policy had been surrendered. The company had violated the understanding upon which the surrender had been made, and the court said 'the amount to which the complainant is entitled is . . . the value of his policy at the time it was surrendered.' In both of these cases the question was as to the proper measure of damages under their respective special circumstances. In neither of them was it decided that in such a case as this the plaintiff's recovery of the amount of the payments he had made would not place the parties 'precisely in the same situation they were in before the contract was made.' *American Life Insurance Co.* v. *McAden, supra.* Moreover, there is no evidence that the benefit certificate involved in this suit had any surrender value whatever. The defendant, by declaring that it would not abide by its contract, entitled the plaintiff to insist that he should be restored to the situation which he occupied before it was made, and this

can be done only by returning to him the money which he had paid under and in pursuance of it."

The cases adopting the other rule are predicated upon the two decisions of the Supreme Court of the United States referred to and distinguished in the Black Case. The Supreme Court of the United States denied a petition for, writ of *certiorari* in the *Black Case,* 191 U. S., 568, 24 S. Ct., 841, 48 L. Ed., 305. The numerous cases supporting both rules have been collected in an annotation in 48 A. L. R., beginning on page 110.

Counsel for the company insists that this court has adopted the rule which fixes the measure of damages as the value of the policy at the time of breach in *Knickerbocker Life Ins. Co.* v. *Heidel, supra,* and *Nashville Life Ins. Co.* v. *Mathews,* 8 Lea (76 Tenn.), 499. In each of these cases the insured notified the company that he did not desire to carry the policy any longer, and demanded a settlement under its terms. The question involved in each case was a construction of the policy. These cases are not in point. In a number of jurisdictions it is held that insured will not be restricted to a return of premiums and interest where that would not restore the *status quo* on account of old age or physical disability so that insured cannot procure other insurance. See annotation referred to above in 48 A. L. R.; 32 C. J., 1265; *Garland* v. *Jefferson Standard Life Ins. Co.,* 179 N. C., 67, 72, 101 S. E., 616. That question, however, is not before us.

The "value of the policy" rule is based upon the difference between the premiums insured has been paying and what he would have to pay for a like amount of insurance in some reputable and responsible company. This would require the insured to apply to some other company for

insurance, because he could not know whether he could obtain other insurance, and for what premium, until he applied therefor. It might be that on account of his advanced age or impaired health he could only obtain a policy at such an increased premium that his financial status would not enable him to pay it pending a settlement with the company who had breached its contract. The effect of this would be to require the insured, on account of the wrong of the company, to surrender a valuable contract, voluntarily entered into, and negotiate another contract which might not be so desirable. This does not appear to us to be just, and results in making a contract for the parties which they did not make for themselves. Under the authorities, the ''value of the policy'' rule only applies where the insured is an insurable risk. No issue is made as to this, and we have considered the case upon the assumption that the defendant in error is an insurable risk.

For the reasons stated herein, the judgment of the trial court will be affirmed.