NATIONAL LIFE & ACCIDENT INS. CO. *v.* HAMILTON.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

Simmonds & Bowman, of Johnson City, for plaintiff in error.

M. E. Cantor, of Johnson City, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought to recover damages for breach of contracts of insurance embodied in a policy issued by the defendant below to the plaintiff below. There was a judgment for the plaintiff for the full amount of premiums that had been paid by him, and this judgment was affirmed by the Court of Appeals. This court has granted petitions for *certiorari*.

The contract involved was an industrial policy issued August 23, 1926. The insurer undertook to pay to the insured $63 at the end of an endowment period stated or a like sum to the beneficiary of the policy in the event of the insured's prior death. The insurer also undertook to pay the insured a maximum weekly allowance of $7 in the event of sickness or accident befalling the latter

during the endowment period. The weekly premium was 35 cents, "twenty per cent (20%) of which premium is for endowment insurance and eighty per cent (80%) of which is for insurance against disability from sicknesss or accident."

The policy contained the following paragraph:

"Except within the contestable period, and then only for material misrepresentation in the application herefor, the Company will have no right to cancel the life insurance herein granted, except for nonpayment of premiums. However, the Company or the insured, may have the right to cancel or reduce the insurance granted herein against disability from sickness or accident in which event that part of the premium payable for such disability insurance will be discontinued or proportionately reduced. Provided that the Company may exercise this right only by notice, either delivered to the insured or mailed to insured's last address as shown by the records of the Company with cash or Company's check for unearned premiums. Such cancellation or reduction shall be without prejudice to any claim orginating prior thereto."

There are other provisions in the policy which keep essentially separate the insurer's engagements as to life insurance and its engagements as to sick and accident insurance, so, as stated in the beginning, the policy embodies two contracts.

Abundant evidence was offered by the plaintiff tending to show that the defendant breached both contracts. It mailed to the insured a notice of cancellation of sickness and accident insurance on January 16, 1934, but thereafter received three weekly payments of 35 cents, premiums on the entire policy covering both features. No

part of these premiums has been returned or tendered. As above seen, the insurer's right to cancel the sickness and accident contract is conditioned on the return of unearned premiums. The insurer cannot say that any part of this policy was canceled on January 16, 1934, when it retains premiums carrying the whole policy three weeks longer.

On February 5, 1934, the defendant's agent refused to receive any part of the weekly premiums due on this policy, upon the theory, apparently, that the entire contract had been canceled. This, although the insurer had no right to cancel the life insurance except for nonpayment of premiums. It is true that the insurer made an offer to reinstate the life insurance contract, but that offer was not made until after the breach was complete, after this suit was brought, and the insured was not bound to accept it.

So far as the insured paid for life insurance, his right to recover the entire amount of such premiums, upon the insurer's breach of the contract, has been settled by *Life & Casualty Ins. Co.* v. *Baber*, 168 Tenn., 347, 79 S. W. (2d), 36. The authorities are elaborately reviewed in that case and we will not disturb the conclusion therein reached.

As to the recovery of premiums paid for sick and accident insurance, the case is different. The reason for permitting the recovery of the whole amount of premiums paid upon breach of a life insurance contract by the insurer is that, while the insured may be said to have had protection during the currency of the policy, he has received no actual and appreciable advantage therefrom. This is true as to the life insurance contract before us.

But from the sickness and accident insurance contract, this insured has received actual and appreciable benefits which he has retained. The record shows that he has made more than one claim under the policy for the sickness and accident benefits and these benefits have been paid him, according to the terms of the policy, at different times. The insurer was not permitted to prove the amount of such benefits paid.

 Even though a contract be entire, the party who breaches the same may recover of the other party, as on a *quantum meruit*, the value of benefits conferred on such other party by partial performance—these benefits being accepted and retained. Any damage, of course, which the party not in default suffered by the breach also to be taken into account. The law is frequently so applied in cases which involve building contracts and contracts for personal services. *Stump* v. *Estill*, 7 Tenn. (Peck), 175; *Elliott* v. *Wilkinson*, 16 Tenn. (8 Yerg.), 411; *Porter* v. *Woods*, 22 Tenn. (3 Humph.), 56, 39 Am. Dec., 153; *Barker* v. *Reagan*, 51 Tenn. (4 Heisk.), 590, 596; *Bush* v. *Jones*, 2 Tenn. Ch., 190; *Jones* v. *Jones*, 32 Tenn. (2 Swan), 605; *Congregation of Children of Israel* v. *Peres*, 42 Tenn. (2 Cold.), 620; *Massey* v. *Taylor, Wood & Co.*, 45 Tenn. (5 Cold.), 447, 98 Am. Dec., 429; *Hunter* v. *Litterer & Cabler*, 60 Tenn. (1 Baxt.), 168; *Bruce* v. *Baxter*, 75 Tenn. (7 Lea), 477.

The cases followed in *Life & Casualty Ins. Co.* v. *Baber*, *supra*, stress the circumstance that the insured permitted to recover the entire amount of premiums paid upon breach by the insurer of a life insurance contract has received no benefit therefrom. In a case like the one before us, applying the principle of the decisions just above

cited, we think the insured must account for benefits accepted and retained.

It is insisted, however, that the insurer here should have filed a plea of setoff or recoupment to charge the insured with benefits paid to him. We do not think such plea was necessary.

This suit originated before a magistrate. The defendant, interrogated as to his plea in the circuit court, announced that he pleaded *nil debet*. The court suggested that not guilty was the appropriate plea and the defendant accepted the suggestion. This was not a good plea for the action would have been one *in assumpsit* had it been brought originally in the circuit court. But, after verdict, an improper plea of not guilty will be maintained as amounting to a plea of *non assumpsit. Carter* v. *Graves*, 17 Tenn. (9 Yerg.), 446.

In *Bank of Commerce* v. *Porter*, 60 Tenn. (1 Baxt.), 447 it is said that a "plea of *non assumpsit* is sufficient to admit all defences, as it puts in issue the allegation that there is anything due upon previous dealings. This is especially so, as the action of *assumpsit* is of an equitable character in the nature of an account in Chancery." Further, it is said that "it is a natural and legitimate answer to show, under a general denial, that nothing is due the plaintiff, and to sustain that denial by a counter *assumpsit,* purely defensive and not as a cross-action."

See, also, *Sublett* v. *M'cLin*, 29 Tenn. (10 Humph.), 181, and Caruther's History of Lawsuit, section 113.

The court below instructed the jury that if they found defendant company had breached this contract, "the plaintiff would be entitled to recover the amount paid in as premiums on this policy and it would be your

duty in addition to that to allow him interest upon the sum paid.'' This instruction is assigned as error, properly so, and for this error, passed over by the Court of Appeals, the judgment of that court is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.

One-third of the costs will be taxed to the insured and two-thirds to the insurer.