SADLER et al. v. MIDDLE TENNESSEE
ELECTRIC MEMBERSHIP CORP.—
259 S. W. (2d) 544.

Middle Section.   August 1, 1952.

Rehearing denied September 12, 1952.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

496

Wirt Courtney, Jr., and Mabry Covington, Jr., both of Franklin, and B. B. Gullett, of Nashville, for plaintiffs in error.

Alfred T. MacFarland, of Lebanon, and Earl Beasley, of Franklin, for defendant in error.

HICKERSON, J. Sadler Electric Company, a partnership, brought this suit against Middle Tennessee Electric Membership Corporation to recover the balance due on a contract. Plaintiff alleged for cause of action:

"That plaintiffs entered into a written contract with the defendant on April 2, 1948 for the construction of a certain rural electric distribution project for said defendant, which contract is here to the Court shown; that said project has been completed and accepted by the corporation and that said defendant owes plaintiffs a balance of Five Thousand Nine Hundred Eighty-seven and 77/100 ($5987.77) Dollars, on said contract; that demand has been made for the payment of same; that there are no credits or offsets due against said account:

"Wherefore plaintiffs sue the defendant for Five Thousand Nine Hundred Eighty-seven and 77/100 ($5987.77) Dollars, and demand a jury to try this cause."

Defendant pleaded the general issue.

The jury found the issues in favor of defendant; and, upon that verdict, judgment was entered dismissing plaintiff's suit.

Sadler appealed in error to this court. Only two questions are presented by the assignments:

1. Is the verdict in favor of defendant supported by material evidence?

2. Is defendant estopped, as a matter of law, to defend the suit on the ground that plaintiff did not complete its contract?

█ (1) This court is bound by the verdict of the jury, approved by the trial judge, on material issues of fact, when the verdict of the jury is supported by material evidence. Osborn v. City of Nashville, 182 Tenn. 197,

185 S. W. (2d) 510; Finchum v. Oman, 18 Tenn. App. 40, 72 S. W. (2d) 564.

The issues presented by the pleadings are these:

1. Did plaintiff enter into a written contract on April 2, 1948, for the construction of a rural electric distribution project for defendant?

There is no controversy about this issue. The parties did enter into the contract.

2. Has the project been completed and accepted by defendant, and does defendant owe plaintiff a balance of $5,987.77 on the contract?

There is abundant material evidence in the record to support a conclusion by the jury that Sadler. did not complete its contract and that the work was never accepted by defendant as a completed job under the contract.

■ The trial judge correctly stated these controlling questions to the jury. The bill of exceptions contains this sentence:

"The Court charged the jury in proper form, which charge was not reduced to writing and, by consent of the parties, as evidenced by signatures of counsel hereto affixed, is omitted from this bill of exceptions."

Wherefore, it is an established fact in this court that Sadler did not complete its contract with defendant, and that defendant never accepted the work done by Sadler under the contract as complete; because the jury so found under a proper charge of the court.

(2) Sadler, however, makes the question that defendant is estopped to rely upon the defense that Sadler never completed its work under the contract.

■ There is material evidence to support a finding by the jury that defendant at no time made the statement or

took the position that Sadler had fully performed its contract and was entitled to be paid the full contract price for its work.

Furthermore, there was material evidence to support a finding by the jury that Sadler did not change its position nor lose any right by acting upon any statement of defendant that the contract had been completed and accepted. There is no merit in the question of estoppel urged by Sadler. Molloy v. City of Chattanooga, 191 Tenn. 173, 232 S. W. (2d) 24, 404; Church of Christ v. McDonald, 180 Tenn. 86, 171 S. W. (2d) 817, 146 A. L. R. 1173.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed with all costs.

Felts and Howell, JJ., concur.

## On Petition to Rehear.

HICKERSON, J. The suit was brought to recover upon a contract which plaintiff alleged it had fully performed. The jury found upon abundant supporting evidence that plaintiff had not fully performed the contract. Judgment was entered dismissing plaintiff's suit. This court affirmed.

By petition to rehear, plaintiff states that it is entitled to recover for the value of the part performance of the contract by it, even though it breached its contract by failing to fully perform the contract.

■■ In National Life & Accident Insurance Company v. Hamilton, 170 Tenn. 612, 98 S. W. (2d) 107, 108, our Supreme Court stated this rule:

"Even though a contract be entire, the party who breaches the same may recover of the other party, as on a quantum meruit, the value of benefits conferred

on such other party by partial performance—these benefits being accepted and retained. Any damage, of course, which the party not in default suffered by the breach also to be taken into account. The law is frequently so applied in cases which involve building contracts and contracts for personal services.''

In such case the burden is on plaintiff who has failed to fully perform its contract and who seeks to recover for part performance to show the value of the work actually performed by it. Moyers v. Graham, 83 Tenn. 57.

In the case on trial it was shown that plaintiff did a substantial part of the work required of it by its contract with defendant. The proof, however, is definite that the work actually done was, also, defectively done to defendant's damage. Defendant was denied the right to show the defective condition of the work which was done and the damage to it from such defective work. Plaintiff failed to show the value of the work performed by it in the defective condition. Wherefore, the jury was justified in finding that plaintiff had failed to show the value of the work which it actually did. Under the evidence, the jury could not have found otherwise. A witness for defendant stated that plaintiff was entitled to a certain amount for the work which it had done ''with reservations.'' These reservations were that the work was defectively done and these defects would have to be taken into consideration in arriving at the amount actually due plaintiff. As stated, neither plaintiff nor defendant showed the value of the work which plaintiff did in its defective condition.

The petition to rehear is denied with all costs.

Felts and Howell, JJ., concur.