Stewart BAINUM, trading as Stewart Bainum Company, Appellant,

v.

Frank C. McGRADY, trading as F. C. McGrady Company, Appellee.

Frank C. McGRADY, trading as F. C. McGrady Company, Appellant,

v.

Stewart BAINUM, trading as Stewart Bainum Company, Appellee.

Nos. 1681, 1682.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 27, 1955.

Decided Nov. 4, 1955.

---

Joseph Zitomer, Washington, D. C., for appellant cross-appellee Stewart Bainum.

Ralph L. Bailey, Washington, D. C., for appellee cross-appellant Frank C. McGrady.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Bainum was the contractor on a school building project and McGrady was his electrical subcontractor. Following a dispute between them the subcontractor left the job. The contractor later sued him for the difference between the amount of the subcontract and the actual cost of completing the work. The subcontractor defended on the ground that he had left the project because of plaintiff's breach and he demanded by way of counterclaim the value of labor and materials supplied on the job prior to the cancellation. The trial judge found that there was "no material breach of the contract by the plaintiff" and that defendant was not justified in leaving the job uncompleted. He awarded plaintiff $1,500, but from that award made a deduction of $650 by way of credit to defendant for work and materials furnished prior to the breach. Both parties have appealed.

Plaintiff's appeal is based on the contention that he was entitled to the full amount of $1,500, and that it was error to allow a credit against that amount. Defendant's cross-appeal centers around the construction of certain provisions of the contract.

*Plaintiff's Appeal.* The question is as to the right of one who has improperly breached a contract to recover for such benefit as he may have conferred on the other party by part performance. While there has been some difference of opinion among courts on this subject, most courts have allowed recovery where the breach, though wrongful, was not shown to have been wilful and deliberate. See Williston on Contracts, 3d Ed., § 1475, p. 4123, and cases cited therein. But such recovery has generally been restricted to situations where the benefit conferred by the defaulting party exceeds the damage sustained by the innocent party on account of the breach.[1]

1. See Harris v. Cecil N. Bean, 2 Cir., 1952, 197 F.2d 919, 922; Schwasnick v. Bland-in, 2 Cir., 1933, 65 F.2d 354; Michigan Yacht & Power Co. v. Busch, 6 Cir., 143

In Restatement, Contracts, § 357, it is said: " * * * Where the defendant fails or refuses to perform his contract and is justified therein by the plaintiff's own breach of duty or non-performance of a condition, but the plaintiff has rendered a part performance under the contract that is a *net benefit* to the defendant, the plaintiff can get judgment * * * for the amount of such benefit in excess of the harm that he has caused to the defendant by his own breach * * * if (a) the plaintiff's breach or non-performance is not wilful and deliberate. * * * " [Emphasis supplied.] This position has been accepted as the rule in the Federal courts. See Amtorg Trading Corp. v. Michle Printing Press & Mfg. Co., 2 Cir., 1953, 206 F.2d 103.

■ In this case, even if we assume that the subcontractor was guilty of no conscious moral fault in leaving the project and that his breach was not wilful and deliberate, the fact remains that he did not confer a "net benefit" on the plaintiff prior to the breach. It is clear that plaintiff sustained actual damage in the amount of $1,500, representing the difference between the amount of his original contract with defendant and of the second contract for completion of the job. It is true that de-fendant did work on the job amounting to $650. But that did not result in a net benefit to plaintiff, because proceeding from that point plaintiff had to spend $1,500 to have the work completed. Consequently, plaintiff was entitled to a judgment for that amount.

■ *Defendant's Cross-Appeal.* Defendant contends there was error in construing the contract. He refers to one clause which concerns the time of making progress payments, and another clause which refers to final payment after completion of the work. We do not agree that the contract was improperly construed. We see no real conflict between the two clauses, and we think that whether they be considered together or whether one clause be said to control over the other, the end-result would not have been affected. The evidence was such as to justify the ruling that defendant had breached the contract and that plaintiff was entitled to recover for the resulting damage.

The judgment will be reversed, with instructions to enter judgment for plaintiff for $1,500.

Reversed.

F. 929; Kirkland v. Archbold, Ohio App. 1953, 113 N.E.2d 496; and Sadler v. Middle Tennessee Electric Membership Corp., 36 Tenn.App. 495, 259 S.W.2d 544.